**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Signify North America Corporation and Signify Holding B.V., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )　C.A. No. 2:19-cv-06125-JMA-SIL |
| Satco Products, Inc., | ) ) |
| Defendants. | )　**JURY TRIAL DEMANDED** ) ) ) |

## SATCO PRODUCTS, INC.'S ANSWER AND COUNTERCLAIMS

Defendant Satco Products, Inc. ("Satco" or "Defendant"), by and through its counsel, hereby responds to the Complaint filed by Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify" or "Plaintiffs") against Satco and asserts the following defenses and counterclaims.  This answer is based on Satco's knowledge as to its own activities.  The numbered paragraphs below correspond to the numbered paragraphs in Signify's Complaint.  To the extent not specifically admitted herein, the allegations of the Complaint are denied.

## ANSWER

1.　　Satco admits that Plaintiffs brought an action for patent infringement.

## THE PARTIES

2.　　Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2, and therefore denies them.

3.      Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3, and therefore denies them.

4.      Satco admits that it is a company organized and existing under the laws of the State of New York with its principal place of business located at 110 Heartland Blvd., Brentwood, New York 11717.  Satco admits that it sells products throughout the United States.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains conclusions of law for which no response is required.  To the extent that a response is required, Satco admits the allegations contained in paragraph 5.

6.      Paragraph 6 contains conclusions of law for which no response is required.  To the extent that a response is required, Satco admits that it has a regular and established place of business located at 110 Heartland Blvd., Brentwood, New York 11717, and that it conducts business, solicits business, and derives revenue from products provided within the Eastern District of New York. Satco denies the remaining allegations contained in paragraph 7.

7.      Paragraph 7 contains conclusions of law for which no response is required.  To the extent that a response is required, Satco admits that it has a regular and established place of business located at 110 Heartland Blvd., Brentwood, New York 11717, and Satco denies the remaining allegations contained in paragraph 7.

## PATENTS-IN-SUIT

8.      Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8, and therefore denies them.

9.      Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9, and therefore denies them.

10.     Satco admits that U.S. Patent No. 7,348,604 ("the '604 patent") lists on its face an issue date of March 25, 2008 and is titled "Light-Emitting Module."  Satco further admits that Exhibit 1 to the Complaint purports to be a copy of the '604 patent.  Satco denies that the '604 patent was duly and lawfully issued.  Satco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and therefore denies them.

11.     Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11, and therefore denies them.

12.     Satco admits that U.S. Patent No. 7,358,929 ("the '929 patent") lists on its face an issue date of April 15, 2008 and is titled "Tile Lighting Methods and Systems."  Satco further admits that Exhibit 2 to the Complaint purports to be a copy of the '929 patent.  Satco denies that the '929 patent was duly and lawfully issued.  Satco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 and therefore denies them.

13.     Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13, and therefore denies them.

14.     Satco admits that U.S. Patent No. 6,972,525 ("the '525 patent") lists on its face an issue date of December 6, 2005 and is titled "LED Switching Arrangement."  Satco further admits that Exhibit 3 to the Complaint purports to be a copy of the '525 patent.  Satco denies that the '525 patent was duly and lawfully issued.  Satco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 and therefore denies them.

15.     Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15, and therefore denies them.

16.     Satco admits that U.S. Patent No. 8,070,328 ("the '328 patent") lists on its face an issue date of December 6, 2011 and is titled "LED Downlight."  Satco further admits that Exhibit 4 to the Complaint purports to be a copy of the '328 patent.  Satco denies that the '435 patent was duly and lawfully issued.  Satco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies them.

17.     Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17, and therefore denies them.

18.     Satco admits that U.S. Patent No. 7,352,138 ("the '138 patent") lists on its face an issue date of April 1, 2008 and is titled "Methods and Apparatus for Providing Power to Lighting Devices."  Satco further admits that Exhibit 5 to the Complaint purports to be a copy of the '138 patent.  Satco denies that the '138 patent was duly and lawfully issued.  Satco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 and therefore denies them.

19.     Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19, and therefore denies them.

20.     Satco admits that U.S. Patent No. 7,038,399 ("the '399 patent") lists on its face an issue date of May 2, 2006 and is titled "Methods and Apparatus for Providing Power to Lighting Devices."  Satco further admits that Exhibit 6 to the Complaint purports to be a copy of the '399 patent.  Satco denies that the '399 patent was duly and lawfully issued.  Satco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 and therefore denies them.

21.     Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21, and therefore denies them.

22.     Satco admits that U.S. Patent No. 7,256,554 ("the '554 patent") lists on its face an issue date of August 14, 2007 and is titled "LED Power Control Methods and Apparatus."  Satco further admits that Exhibit 7 to the Complaint purports to be a copy of the '554 patent.  Satco denies that the '554 patent was duly and lawfully issued.  Satco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 and therefore denies them.

23.     Satco is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23, and therefore denies them.

## FACTUAL BACKGROUND

24.     Satco admits the allegations set forth in paragraph 24.

25.     Satco admits that it imports, sells, and offers to sell the S9381, that the S9381 is a 4.5-watt LED lamp, and that a datasheet for that product is currently available from its website at the URL identified in paragraph 25.  Satco admits that the image in paragraph 25 appears to be the image of the S9381 contained in its datasheet for that product.

26.     Satco admits that it imports, sells, and offers to sell the S29341, that the S29341 is an 18.5-watt 9" Flush Mount LED fixture, and that a datasheet for that product is currently available from its website at the URL identified in paragraph 26.  Satco admits that the image in paragraph 26 appears to be the image of the S29341 contained in its datasheet for that product.

27.     Satco admits that it imports, sells, and offers to sell the S29011, that the S29011 is a 7-watt LED Direct Wire Downlight, and that a datasheet for that product is currently available from its website at the URL identified in paragraph 27.  Satco admits that the image in paragraph 27 appears to be the image of the S29011 contained in its datasheet for that product.

28. Satco is without knowledge or information sufficient to form a belief as to the allegations in paragraph 28, and therefore denies them.

29. Satco admits that it imports, sells, and offers to sell the S9312, that the S9312 is a 9-watt LED Downlight Retrofit, and that a datasheet for that product is currently available from its website at the URL identified in paragraph 29. Satco admits that the image in paragraph 29 appears to be the image of the S9312 contained in its datasheet for that product.

30. Satco admits that it imports, sells, and offers to sell the S9461, that the S9461 is a 9-watt LED Downlight Retrofit, and that a datasheet for that product is currently available from its website at the URL identified in paragraph 30. Satco admits that the image in paragraph 30 appears to be the image of the S9461 contained in its datasheet for that product.

31. Satco is without knowledge or information sufficient to form a belief as to the allegations in paragraph 31, and therefore denies them.

32. Satco admits that it imports, sells, and offers to sell the S29056, that the S29056 is an 8.5-watt LED Direct Wire Downlight, and that a datasheet for that product is currently available from its website at the URL identified in paragraph 32. Satco admits that the image in paragraph 30 appears to be the image of the S29056 contained in its datasheet for that product.

33. Satco is without knowledge or information sufficient to form a belief as to the allegations in paragraph 33, and therefore denies them.

## GENERAL ALLEGATIONS

34. Satco denies the allegations of paragraph 34.

35. Satco denies the allegations of paragraph 35.

36. Satco denies the allegations of paragraph 36.

37. Satco denies the allegations of paragraph 37.

38.     Satco denies the allegations of paragraph 38.

39.     Paragraph 39 contains assertions as to which no response is required.  To the extent that a response is required, Satco denies the allegations of paragraph 39.

## COUNT I

### (Infringement of U.S. Patent No. 7,348,604)

40.     Satco incorporates by reference its responses to the allegations of the preceding paragraphs.

41.     Satco denies the allegations of paragraph 41.

42.     Satco admits that paragraph 42 purports to repeat the limitations of claim 1 of the '604 patent.

43.     Satco admits that the S9381 emits light, and denies the remaining allegations in paragraph 43.

44.     Satco denies the allegations in paragraph 44.

45.     Satco denies the allegations in paragraph 45.

46.     Satco denies the allegations in paragraph 46.

47.     Satco denies the allegations of paragraph 47.

48.     Satco admits that it has notice of the '604 patent by virtue of the complaint served by Signify in this case.  Satco denies the remaining allegations of paragraph 48.

49.     Satco denies the allegations of paragraph 49.

50.     Satco denies the allegations of paragraph 50.

51.     Satco denies the allegations of paragraph 51.

52.     Satco denies the allegations of paragraph 52.

53.     Satco denies the allegations of paragraph 53.

## COUNT II

### (Infringement of U.S. Patent 7,358,929)

54.     Satco incorporates by reference its responses to the allegations of the preceding paragraphs.

55.     Satco denies the allegations of paragraph 55.

56.     Satco admits that paragraph 56 purports to repeat the limitations of claim 17 of the '929 patent.

57.     Satco denies allegations in paragraph 57.

58.     Satco denies the allegations in paragraph 58.

59.     Satco denies the allegations in paragraph 59.

60.     Satco admits that it has notice of the '929 patent by virtue of the complaint served by Signify in this case.  Satco denies the remaining allegations of paragraph 60.

61.     Satco denies the allegations of paragraph 61.

62.     Satco denies the allegations of paragraph 62.

63.     Satco denies the allegations in paragraph 63.

64.     Satco denies the allegations in paragraph 64.

65.     Satco denies the allegations in paragraph 65.

### COUNT III

### (Infringement of U.S. Patent 6,972,525)

66.     Satco incorporates by reference its responses to the allegations of the preceding paragraphs.

67.     Satco denies the allegations of paragraph 67.

68.     Satco admits that paragraph 68 purports to repeat the limitations of claim 1 of the '525 patent.

69.     Satco denies allegations in paragraph 69.

70.     Satco denies the allegations in paragraph 70.

71.     Satco denies the allegations in paragraph 71.

72.     Satco denies the allegations in paragraph 72.

73.     Satco denies the allegations in paragraph 73.

74.     Satco denies the allegations in paragraph 74.

75.     Satco denies the allegations in paragraph 75.

76.     Satco denies the allegations in paragraph 76.

77.     Satco admits that it has notice of the '525 patent by virtue of the complaint served by Signify in this case.  Satco denies the remaining allegations of paragraph 77.

78.     Satco denies the allegations in paragraph 78.

79.     Satco denies the allegations in paragraph 79.

80.     Satco denies the allegations in paragraph 80.

81.     Satco denies the allegations in paragraph 81.

82.     Satco denies the allegations in paragraph 82.

## COUNT IV

## (Infringement of U.S. Patent No. 8,070,328)

83.     Satco incorporates by reference its responses to the allegations of the preceding paragraphs.

84.     Satco denies the allegations of paragraph 84.

85.     Satco admits that paragraph 85 purports to repeat the limitations of claim 1 of the '328 patent.

86.     Satco admits that the S9312 is an LED downlight, but denies the remaining allegations in paragraph 86.

87.     Satco denies the allegations in paragraph 87.

88.     Satco denies the allegations in paragraph 88.

89.     Satco denies the allegations in paragraph 89.

90.     Satco denies the allegations in paragraph 90.

91.     Satco denies the allegations in paragraph 91.

92.     Satco admits that it has notice of the '328 patent by virtue of the complaint served by Signify in this case.  Satco denies the remaining allegations of paragraph 92.

93.     Satco denies the allegations in paragraph 93.

94.     Satco denies the allegations in paragraph 94.

95.     Satco denies the allegations in paragraph 95.

96.     Satco denies the allegations in paragraph 96.

97.     Satco denies the allegations in paragraph 97.

## COUNT V

### (Infringement of U.S. Patent No. 7,353,138)

98.     Satco incorporates by reference its responses to the allegations of the preceding paragraphs.

99.     Satco denies the allegations of paragraph 99.

100.    Satco admits that paragraph 100 purports to repeat the limitations of claim 1 of the '138 patent.

101.     Satco admits that the S9461 is an illumination apparatus.

102.     Satco admits that the S9461 includes LEDs.

103.     Satco denies the allegations in paragraph 103.

104.     Satco denies the allegations in paragraph 104.

105.     Satco admits that it had been informed by Philips that the Philips LED licensing program included the '138 patent by November 13, 2014.  Satco admits that it received claim charts from Philips on or about November 25, 2014.  Satco denies that it infringes the '138 patent, denies that any Philips clam chart shows that it infringes the '138 patent, and denies the remaining allegations of paragraph 105.

106.     Satco denies the allegations in paragraph 106.

107.     Satco denies the allegations in paragraph 107.

108.     Satco denies the allegations in paragraph 108.

109.     Satco denies the allegations in paragraph 109.

110.     Satco denies the allegations in paragraph 110.

## COUNT VI

### (Infringement of U.S. Patent No. 7,038,399)

111.     Satco incorporates by reference its responses to the allegations of the preceding paragraphs.

112.     Satco denies the allegations of paragraph 112.

113.     Satco admits that paragraph 113 purports to repeat the limitations of claim 17 of the '399 patent.

114.     Satco admits that the S9461 is an illumination apparatus.

115.     Satco admits that the S9461 includes LEDs.

116.    Satco denies the allegations in paragraph 116.

117.    Satco admits that the S9461 is "dimmable" as stated in its data sheet for that product.  Satco denies the remaining allegations in paragraph 117.

118.    Satco admits that the S9461 is compatible with the dimmers Leviton DSE06-10Z, Lutron DVELV-300P, Lutron MAELV-600, Lutron NTELV-300, Lutron PD-5NE, and Lutron SELV-300P as stated on the webpage linked by the data sheet for its S9461 product and identified by the URL in paragraph 111.

119.    Satco denies the allegations in paragraph 119.

120.    Satco denies the allegations in paragraph 120.

121.    Satco denies the allegations in paragraph 121.

122.    Satco denies the allegations in paragraph 122.

123.    Satco admits that it had been informed by Philips that the Philips LED licensing program included the '399 patent by November 13, 2014.  Satco admits that it received claim charts from Philips on or about November 25, 2014.  Satco admits that Philips Lighting North America and Philips Lighting Holding B.V. filed a complaint with the United States International Trade Commission, that this complaint attached claim charts and alleged that Satco infringed the '399 patent, and that this complaint was investigated by the Commission in Investigation No. 337-TA-1081, which resulted in the Commission rejecting Philips' claim that Satco infringes the '399 patent.  Satco denies that it infringes the '399 patent, and denies that any Philips clam chart shows that it infringes the '399 patent, and denies the remaining allegations of paragraph 123.

124.    Satco denies the allegations in paragraph 124.

125.    Satco denies the allegations in paragraph 125.

126.    Satco denies the allegations in paragraph 126.

127.    Satco denies the allegations in paragraph 127.

128.    Satco denies the allegations in paragraph 128.

## COUNT VII

### (Infringement of U.S. Patent No. 7,256,554)

129.    Satco incorporates by reference its responses to the allegations of the preceding paragraphs.

130.    Satco denies the allegations of paragraph 130.

131.    Satco denies the allegations of paragraph 131.

132.    Satco admits that paragraph 132 purports to repeat the limitations of claim 1 of the '544 patent.

133.    Satco admits that each of the S29011, S8922, and S29056 is an apparatus.  Satco denies the remaining allegations in paragraph 133.

134.    Satco admits that each of the S29011, S8922, and S29056 contains LEDs that generate light that can be characterized by a color temperature, such as 3000K for the S29056. Satco denies the remaining allegations in paragraph 134.

135.    Satco denies the allegations in paragraph 135.

136.    Satco denies the allegations in paragraph 136.

137.    Satco denies the allegations in paragraph 137.

138.    Satco denies the allegations in paragraph 138.

139.    Satco denies the allegations in paragraph 139.

140.    Satco admits that it had been informed by Philips that the Philips LED licensing program included the '554 patent by November 13, 2014.  Satco admits that it received claim charts from Philips on or about November 25, 2014.  Satco admits that Philips Lighting North

America and Philips Lighting Holding B.V. filed a complaint with the United States International Trade Commission, that this complaint attached claim charts and alleged that Satco infringed the '554 patent, and that this complaint was investigated by the Commission in Investigation No. 337-TA-1081, which resulted in the Commission rejecting Philips' claim that Satco infringes the '554 patent. Satco denies that it infringes the '554 patent, and denies that any Philips clam chart shows that it infringes the '554 patent, and denies the remaining allegations of paragraph 140.

141. Satco denies the allegations in paragraph 141.

142. Satco denies the allegations in paragraph 142.

143. Satco denies the allegations in paragraph 143.

144. Satco denies the allegations in paragraph 144.

145. Satco denies the allegations in paragraph 145.

## DEMAND FOR A JURY TRIAL

146. Paragraph 146 contains a demand for which no response is required.

## PRAYER FOR RELIEF

147. The remainder of Signify's Complaint is a prayer for relief and does not require a response. To the extent any response is required, Satco denies that Signify is entitled to any relief for the allegations and claims made in the Complaint. Each averment and/or allegation contained in Signify's Complaint that is not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

148. Without prejudice to the denials set forth in its Answer, Satco hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof. Satco reserves the right to assert additional defenses, as warranted by the facts learned through investigation and discovery.

**Failure to State a Claim**

149.    Signify fails to state a claim upon which relief can be granted.

**Noninfringement**

150.    Satco does not directly or indirectly infringe any claim of the '604, '929, '525, '328, '138, '399, and '554 patents (collectively, the "patents-in-suit") by making, using, marketing, selling, offering to sell, or licensing its products.

**Invalidity**

151.    The claims of the patents-in-suit are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as any judicial doctrine of invalidity.

**Prosecution History Estoppel**

152.    Signify is estopped from asserting that one or more claims of the patents-in-suit are infringed by Satco based on statements, representations, and/or amendments made to and/or before the United States Patent and Trademark Office during the prosecution of the applications for the patents-in-suit.

**35 U.S.C. § 287**

153.    Signify's claim for damages is statutorily limited by 35 U.S.C. § 287.

**Laches**

154.    Signify's claims against Satco are barred, in whole or in part, by the doctrine of laches.

**Estoppel**

155.    Signify's claims against Satco are barred, in whole or in part, by the doctrine of estoppel.

**License And Exhaustion**

156.     Signify is barred from asserting infringement or recovering damages as to any products or components that are licensed, or as to which a royalty has already been paid.

**Patent Misuse**

157.     Signify's claims against Satco are barred, in whole or in part, by the doctrine of patent misuse.

158.     On information and belief, Signify Holding B.V. is a multinational company, with billions in revenues from the lighting industry, and Signify North America Corporation is a lighting company which produces components as well as lighting fixtures.

159.     Signify North America Corporation competes directly with Satco and other lighting fixture suppliers.

160.     On information and belief, starting in 2008, Signify has engaged in an aggressive licensing program to coerce licensing of the patents in suit and others, by using its marketplace power and its lighting patent portfolio, including the patents in suit, to leverage the licensing of these patents whether or not the patents are valid and whether or not the products to be licensed are within the scope of the claims of the patents in suit.

161.     Signify has brought numerous suits against lighting fixture manufacturers that have settled at the early stages of litigation. See, e.g., *Philips Lighting North America Corporation et al. v. Howard Industries Inc. d/b/a Howard Lighting*, Case No. 2:18-cv-12 (S.D. Miss.); *Philips Lighting North America Corporation et al v. Deco Enterprises, Inc. d/b/a Deco Lighting*, Case No. 2:17-cv-04995 (C.D. Cal.); *Philips Lighting North America Corporation et al. v. GVA Lighting, Inc.*, Case No. 1:16-cv-11640 (D. Mass.); *Philips Lighting North America Corporation et al. v. iKan International LLC*, 1:16-cv-10992 (D. Mass.); *Koninklijke Philips N.V. et al. v. Troy-CSL Lighting, Inc.*, Case No. 15-cv-11053 (D. Mass.); *Koninklijke Philips N.V. et al. v. Amerlux, LLC*

*et al.*, Case No. 15-cv-13086 (D. Mass.); *Koninklijke Philips N.V. v. Iguzzini Lighting USA, Ltd. et al.*, Case No. 15-cv-3979 (S.D.N.Y.).

162.    On information and belief, Signify primarily targets lighting fixture suppliers, such as Satco, although many of its patents cover components, such as drivers, which are not manufactured by the lighting fixture suppliers.

163.    On information and belief, Signify chooses to target lighting fixture suppliers both because sales prices and revenues from final LED lighting fixture products are higher than sales prices and revenues of components, corresponding to higher royalties, and because lighting fixture suppliers are mostly smaller companies which cannot easily afford litigation.

164.    On information and belief, Signify demands licensing fees and licensing terms that far exceed any reasonable royalties it could recover under U.S. patent laws. Such licensing practices impermissibly broaden the scope of patents and patent rights with anticompetitive effect and constitute patent misuse.

165.    Signify's licensing program is described on its website at https://www.signify.com/global/our-company/intellectual-property/licensing/led-based-luminaires-and-retrofit-bulbs and is entitled "EnabLED Licensing Program for LED Luminaires and Retrofit Bulbs" (the "EnabLED website").

166.    On the EnabLED website, Signify asserts that there are over 950 companies that have entered into a license agreement with Signify covering patents licensed under "the Philips LED Luminaires & Retrofit Bulbs Licensing Program (or previously under the Color Kinetics Licensing program)."

167.    On information and belief, the 950 licensees to the Philips LED Luminaires & Retrofit Bulbs Licensing Program were acquired mainly through cease and desist letters threatening litigation.

168.    On information and belief, in the July 18, 2018, listing of its patents available on its EnabLED website, Signify listed 507 U.S. patents and applications, of which almost one fifth were expired.  Furthermore, foreign counterparts of some of the patents that Signify has asserted against Satco in this action have been revoked by the European Patent Office, or amended to have much more limited claims in proceedings before the European Patent Office.  Specifically, the European counterpart of the '138 patent was revoked by the European Patent Office.  The European counterpart application to the '604 patent was at one point deemed withdrawn, but was recently revived by Signify, which revived the application by filing an amended the claim 1 of the European counterpart application to the '604 patent (which previously had been identical to claim 1 of the '604 patent), thus effectively admitting that the subject-matter of claim 1 of the '604 patent is anticipated by the prior art reference cited by the European Patent Office, German Patent No. DE20215834U1.  German Patent No. DE20215834U1 is also prior art to the '604 patent.

169.    Signify has previously asserted the '339 patent and '554 patent against Satco in proceedings before the United States International Trade Commission ("ITC").  Signify's complaint to the ITC resulted in Investigation No. 337-TA-1081, which concluded with the Commission's determination rejecting Philips' claim that Satco's products infringed the '339 patent and '554 patent.

170.    On information and belief, and for the reasons stated herein, this lawsuit is another attempt by Signify to broaden its patent grant with anticompetitive effect.  On information and belief, Signify is asserting patents it knows to be invalid and/or asserting unfounded grounds for

18

infringement in bad faith in order to stifle competition in the market, thereby impermissibly broadening the subject matter and temporal scope of patents and patent rights with anticompetitive effect, thus constituting patent misuse. Accordingly, the patents-in-suit are unenforceable for patent misuse.

**Inequitable Conduct In Procuring The '138 Patent**

171. On information and belief, the '138 patent is unenforceable due to inequitable conduct in failing to disclose material prior art to the United States Patent Office during prosecution of the applications that led to the '138 patent, with specific intent to deceive the Patent Office.

172. Ihor A. Lys ("Lys") is a named inventor on the '138 patent, and was one of the founders of Color Kinetics Inc. ("Color Kinetics").

173. Frederick M. Morgan ("Morgan"), is a named inventor on the '138 patent, and was Color Kinetics' Chief Technical Officer.

174. Joseph Teja ("Teja") was outside counsel to Color Kinetics for patent strategy and patent prosecution.

175. In 2007, Color Kinetics was acquired by Signify, which was known at the time as Philips Solid-State Lighting Solutions.

176. PCT International Publication No. WO 99/31560 (the "Mueller PCT publication") was published on June 24, 1999.

177. The Mueller PCT publication is prior art to the '138 patent under 35 U.S.C. § 102(b) because it was published more than one year prior to the '138 patent's earliest priority date.

178. Lys and Morgan are named inventors on the Mueller PCT publication.

179. The Mueller PCT publication was not disclosed to the United States Patent Office during prosecution of the '138 patent.

180.    Claim 1 of the '138 patent reads as follows:

1. An illumination apparatus, comprising:
  at least one LED; and
  at least one controller coupled to the at least one LED and configured to receive
    a power-related signal from an alternating current (A.C.) power source that
    provides signals other than a standard A.C. line voltage,
  the at least one controller further configured to provide power to the at least one
    LED based on the power-related signal.

181.    The Mueller PCT publication is but-for material to the examination of the application that led to the '138 patent because by itself or in combination with other information known in the art it discloses each limitation of at least claim 1 of the '138 patent, and renders obvious the subject matter claimed in at least claim 1 of the '138 patent. At least under the broadest reasonable interpretation standard, the Mueller PCT publication describes "An illumination apparatus, comprising at least one LED; and at least one controller coupled to the at least one LED and configured to receive a power-related signal from an alternating current (A.C.) power source that provides signals other than a standard A.C. line voltage, the at least one controller further configured to provide power to the at least one LED based on the power-related signal." *See, e.g.*, Mueller PCT publication at pages 30-34 and Figures 6-14. For example, the Mueller PCT publication discloses or renders obvious the limitation that the "controller" be "configured to receive a power-related signal from an alternating current (A.C.) power source that provides signals other than a standard A.C. line voltage." *See, e.g.*, Mueller PCT publication at pages 30-34, and Figures 6-14. During the prosecution of the application that led to the '138 patent, Applicants argued, and the Examiner agreed, that this limitation was missing from the prior art raised by the Examiner. The United States Patent Office would not have allowed at least claim 1 of the '138 patent to issue had it been aware of the Mueller PCT publication.

182. The Mueller PCT publication is not cumulative of the prior art that was before the Patent Office during the prosecution of the application that issued as the '138 patent. While issued patents from the same family as the Mueller PCT publication were disclosed in Information Disclosure Statements submitted by the Applicant, those patents were buried in over 400 other references cited. Moreover, unlike the Mueller PCT publication, those patents were published after the filing date of the '138 patent, were not 35 U.S.C. § 102(b) prior art, and thus would have been easily overlooked by the Examiner.

183. On information and belief, persons involved with the prosecution of the '138 patent, including Lys, Morgan, and Teja, were aware of the Mueller PCT publication. Lys and Morgan were aware of it at least because they are named inventors on the Mueller PCT publication. Teja was aware of it at least because he submitted the Mueller PCT publication to the Patent Office in Information Disclosure Statements submitted in other patent applications around the time of filing, and during the pendency of, the application that led to the '138 patent. *E.g.*, U.S. Patent Nos. 7,139,617 and 7,809,448. The Mueller PCT publication was also specifically referred to and incorporated by reference into the disclosure of another short U.S. patent on which Mr. Lys is the sole named inventor and for which Mr. Teja was the prosecuting attorney. *See* U.S. Patent No. 6,969,954 at 2:26-31.

184. On information and belief, during prosecution of the application that led to the '138 patent, persons associated with the filing and prosecution of that patent application, including Lys, Morgan, and Teja, withheld material prior art from the United States Patent Office, including at least the Mueller PCT publication, with deceptive intent in order to obtain impermissibly broader and longer patent protection. On information and belief, at and around the time of the preparation and filing of the application that led to the '138 patent and the patent applications from which the

'138 patent claims priority, Lys, Morgan and/or Teja were involved in devising a patent strategy to broadly cover the LED retrofit market and to broaden and lengthen the patent coverage of Color Kinetics' original technology relating to LED lighting. On information and belief, Lys, Morgan and/or Teja withheld the Mueller PCT publication with the specific intent to deceive the United States Patent Office and continued to intentionally withhold it with specific intent to deceive after Signify acquired Color Kinetics (and before the '138 patent issued) because issuance of the '138 patent and its related patents, among others, was integral to Signify's ability to exploit the LED retrofit market.

## COUNTERCLAIMS

Without admitting any of the allegations of Signify's other than those expressly admitted herein, and without prejudice of the rights of Satco to plead additional Counterclaims as the facts of the matter warrant, Satco asserts the following Counterclaims against Signify (the terms "Signify" and "Counterclaim-Defendants" refers collectively to Signify North America Corporation and Signify Holding B.V.).

## Parties

1.      Counterclaim Plaintiff Satco is a company organized and existing under the laws of the State of New York with its principal place of business located at 110 Heartland Blvd., Brentwood, New York 11717.

2.      On information and belief, Counterclaim Defendant Signify North America Corporation is a company organized and existing under the laws of the Delaware with its principal place of business at 200 Franklin Square Drive, Somerset, New Jersey 08873.

3.     On information and belief, Counterclaim Defendant Signify Holding B.V. is a corporation organized and existing under the laws of the Netherlands with its registered office at High Tech Campus 48, 5656 AE Eindhoven, The Netherlands.

**Jurisdiction and Venue**

4.     This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     This Court has personal jurisdiction over Counterclaim-Defendants because, among other reasons, Counterclaim-Defendants have availed themselves of the legal protections of this District by voluntarily submitting to and employing the jurisdiction of this Court as plaintiffs in this matter.

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Counterclaim-Defendants have voluntarily submitted to the jurisdiction of the Court in this matter.

**Background**

7.     On October 30, 2019, Signify filed this lawsuit against Satco, alleging infringement of U.S. Patent Nos. 7,348,604 ("the '604 patent), 7,358,929 ("the '929 patent"), 6,972,525 ("the '525 patent"), 8,070,328 ("the '328 patent"), 7,352,138 ("the '138 patent"), 7,038,399 ("the '399 patent"), and 7,256,554 ("the '554 patent") (collectively, "the patents-in-suit").

8.     Upon information and belief, the '604 patent issued on or about March 25, 2008 and is owned by Signify.

9.     Upon information and belief, the '929 patent issued on April 15, 2008 and is owned by Signify.

10.     Upon information and belief, the '525 patent issued on December 6, 2005 and is owned by Signify.

11.     Upon information and belief, the '328 patent issued on December 6, 2011 and is owned by Signify.

12.     Upon information and belief, the '138 patent issued on April 1, 2008 and is owned by Signify.

13.     Upon information and belief, the '339 patent issued on May 2, 2006 and is owned by Signify.

14.     Upon information and belief, the '554 patent issued on August 14, 2007 and is owned by Signify.

15.     Satco has denied the alleged infringement of the patents-in-suit and has denied that the patents-in-suit are valid.

16.     There is an actual, substantial, continuing, and justiciable controversy between Satco and Signify regarding the noninfringement and invalidity for each of the patents-in-suit patent based Signify's allegations in their Complaint that Satco has infringed the patents-in-suit.

## COUNT I

### Declaratory Judgment On The '604 Patent

17.     Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

18.     Satco has not infringed and does not infringe any valid and enforceable claim of the '604 patent, either literally or under the doctrine of equivalents.

19.     Each and every claim of the '604 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

20.     Satco is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '604 patent, either literally or under the doctrine of equivalents, and that each and every claim of that patent is invalid.

## COUNT II

### Declaratory Judgment On The '929 Patent

21.      Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

22.     Satco has not infringed and does not infringe any valid and enforceable claim of the '929 patent, either literally or under the doctrine of equivalents.

23.     Each and every claim of the '929 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

24.     Satco is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '929 patent, either literally or under the doctrine of equivalents, and that each and every claim of that patent is invalid.

## COUNT III

### Declaratory Judgment On The '525 Patent

25.     Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

26.     Satco has not infringed and does not infringe any valid and enforceable claim of the '525 patent, either literally or under the doctrine of equivalents.

27.     Each and every claim of the '525 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

28.     Satco is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '525 patent, either literally or under the doctrine of equivalents, and that each and every claim of that patent is invalid.

## COUNT IV

### Declaratory Judgment On The '328 Patent

29.      Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

30.     Satco has not infringed and does not infringe any valid and enforceable claim of the '328 patent, either literally or under the doctrine of equivalents.

31.     Each and every claim of the '328 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

32.     Satco is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '328 patent, either literally or under the doctrine of equivalents, and that each and every claim of that patent is invalid.

**COUNT V**

**Declaratory Judgment On The '138 Patent**

33.     Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

34.     Satco has not infringed and does not infringe any valid and enforceable claim of the '138 patent, either literally or under the doctrine of equivalents.

35.     Each and every claim of the '138 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

36.     The '138 patent is unenforceable due to inequitable conduct in failing to disclose material and non-cumulative prior art to the United States Patent Office during prosecution of the applications that led to the '138 patent, with specific intent to deceive the Patent Office.

37.     Satco is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '138 patent, either literally or under the doctrine of equivalents, and that each and every claim of that patent is invalid and unenforceable.

**COUNT VI**

**Declaratory Judgment On The '399 Patent**

38.      Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

39.     Satco has not infringed and does not infringe any valid and enforceable claim of the '399 patent, either literally or under the doctrine of equivalents.

40.     Each and every claim of the '399 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

41.     Satco is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '399 patent, either literally or under the doctrine of equivalents, and that each and every claim of that patent is invalid.

## COUNT VII

### Declaratory Judgment On The '554 Patent

42.     Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

43.     Satco has not infringed and does not infringe any valid and enforceable claim of the '554 patent, either literally or under the doctrine of equivalents.

44.     Each and every claim of the '554 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

45.     Satco is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '554 patent, either literally or under the doctrine of equivalents, and that each and every claim of that patent is invalid.

## COUNT VIII

### Declaratory Judgment Of Patent Misuse

46.     Satco incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

47. Satco is entitled to a declaratory judgment that each of the patents-in-suit is unenforceable for patent misuse.

**REQUEST FOR RELIEF**

WHEREFORE, Satco respectfully requests the following relief:

A. A judgment dismissing the Complaint with prejudice;

B. A judgment denying Signify any of the relief it has requested in the Complaint against Satco;

C. A judgment declaring that all of the claims of the '604 patent are invalid;

D. A judgment declaring that all of the claims of the '929 patent are invalid;

E. A judgment declaring that all of the claims of the '525 patent are invalid;

F. A judgment declaring that all of the claims of the '328 patent are invalid;

G. A judgment declaring that all of the claims of the '138 patent are invalid;

H. A judgment declaring that all of the claims of the '399 patent are invalid;

I. A judgment declaring that all of the claims of the '554 patent are invalid;

J. A judgment declaring that Satco has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '604 patent;

K. A judgment declaring that Satco has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '929 patent;

L. A judgment declaring that Satco has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '525 patent;

M.     A judgment declaring that Satco has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '328 patent;

N.     A judgment declaring that Satco has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '138 patent;

O.     A judgment declaring that Satco has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '399 patent;

P.     A judgment declaring that Satco has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '554 patent;

Q.     A judgment declaring that all of the claims of the '138 patent are unenforceable;

R.     A judgment declaring that each of the '604 patent, the '929 patent, the '525 patent, the '328 patent, the '138 patent, the '399 patent, and the '554 patent are unenforceable due to patent misuse.

S.     A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Satco their reasonable attorneys' fees in defending this action;

T.     Satco's costs and expenses in defending this action; and

U.     Such other and further relief as the Court may deem just and proper.

Dated: November 25, 2019          Respectfully submitted,

/s/ Scott J. Bornstein

Scott J. Bornstein
Elana B. Araj
GREENBERG TRAURIG, LLP
200 Park Ave
New York, NY 10166
Telephone:
bornsteins@gtlaw.com
araje@gtlaw.com

Nicholas A. Brown (*pro hac vice*)
GREENBERG TRAURIG, LLP
4 Embarcadero Ctr, Ste. 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1271
brownn@gtlaw.com

Robert P. Lynn, Jr.
Stephen W. Livingston
LYNN GARTNER DUNNE, LLP
330 Old Country Road, Suite 103
Mineola, New York 11501
Telephone: (516) 742-6200
rplynn@lgdlaw.com
swlivingston@lgdlaw.com

*Attorneys for Defendant Satco Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of November 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Scott J. Bornstein*
SCOTT J. BORNSTEIN
