**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., <br><br> Plaintiffs, <br><br> v. <br><br> SATCO PRODUCTS, INC. <br><br> Defendant. | C.A. No. 2:19-cv-06125-JMA-SIL <br><br> **JURY TRIAL DEMANDED** |

**SIGNIFY NORTH AMERICA CORPORATION AND SIGNIFY HOLDING B.V.'S
ANSWER TO SATCO PRODUCTS, INC.'S COUNTERCLAIMS**

Plaintiffs Signify North America Corporation and Signify Holding B.V. (together, "Signify"), by their undersigned counsel, for their Answer to the Counterclaims of Defendant Satco Products, Inc. ("Satco"), respond as follows:

**THE PARTIES**

1. Upon information and belief, Signify admits the allegations in Paragraph 1 of the Counterclaims.

2. Signify admits the allegations in Paragraph 2 of the Counterclaims.

3. Signify admits the allegations in Paragraph 3 of the Counterclaims.

**JURISDICTION AND VENUE[1]**

4. Paragraph 4 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify admits that these Counterclaims purport to arise under the patent laws of the United States, and seek relief authorized by the Federal

---

[1] Headings are reprinted here with the same language as used in Satco's Counterclaims simply for ease of reference, and do not constitute an admission.

Declaratory Judgment Act. Signify admits that this Court has subject matter jurisdiction over Satco's Counterclaims. Signify denies that Satco is entitled to any of its requested relief. Signify further denies the remaining allegations of Paragraph 4 of the Counterclaims.

5. Paragraph 5 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify states, for the limited purposes of this action only, that it does not contest to personal jurisdiction in this judicial district. Signify denies the remaining allegations of Paragraph 5 of the Counterclaims.

6. Paragraph 6 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify states, for the limited purposes of this action only, that it does not contest venue in this judicial district. Signify denies the remaining allegations of Paragraph 6 of the Counterclaims.

## **BACKGROUND**

7. Signify admits the allegations in Paragraph 7 of the Counterclaims.

8. Signify avers that U.S. Patent No. 7,348,604 (the "'604 patent) issued on March 25, 2008. Signify admits the remaining allegations in Paragraph 8 of the Counterclaims.

9. Signify admits the allegations in Paragraph 9 of the Counterclaims.

10. Signify admits the allegations in Paragraph 10 of the Counterclaims.

11. Signify admits the allegations in Paragraph 11 of the Counterclaims.

12. Signify admits the allegations in Paragraph 12 of the Counterclaims.

13. Signify admits the allegations in Paragraph 13 of the Counterclaims.

14. Signify admits the allegations in Paragraph 14 of the Counterclaims.

15. Paragraph 15 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify admits that Satco has purportedly

denied the infringement of the patents-in-suit and has denied that the patents-in-suit are valid.

16. Paragraph 16 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 16 of the Counterclaims.

## COUNT I

**Declaratory Judgment On The '604 Patent**

17. Signify admits that Satco Products, Inc. incorporates by reference its preceding paragraphs. Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

18. Paragraph 18 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 18 of the counterclaims.

19. Paragraph 19 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 19 of the counterclaims.

20. Paragraph 20 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 20 of the counterclaims.

## COUNT II

**Declaratory Judgment On The '929 Patent**

21. No response is required to the general reallegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set

forth fully herein.

22. Paragraph 22 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 22 of the counterclaims.

23. Paragraph 23 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 23 of the counterclaims.

24. Paragraph 24 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 24 of the counterclaims.

## COUNT III

### Declaratory Judgment On The '525 Patent

25. No response is required to the general reallegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

26. Paragraph 26 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 26 of the counterclaims.

27. Paragraph 27 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 27 of the counterclaims.

28. Paragraph 28 of the Counterclaims states legal conclusions to which no response

is required. To the extent a response is required, Signify denies the allegations in Paragraph 28 of the counterclaims.

## COUNT IV

### Declaratory Judgment On The '328 Patent

29. No response is required to the general reallegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

30. Paragraph 30 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 30 of the counterclaims.

31. Paragraph 31 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 31 of the counterclaims.

32. Paragraph 32 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 32 of the counterclaims.

## COUNT V

### Declaratory Judgment On The '138 Patent

33. No response is required to the general reallegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

34. Paragraph 34 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 34 of the counterclaims.

35. Paragraph 35 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 35 of the counterclaims.

36. Paragraph 36 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies that it engaged in or is engaging in any act that constitutes inequitable conduct before the United States Patent and Trademark Office. Signify further denies that it has deceived the United States Patent and Trademark Office. Signify further denies the remaining allegations in Paragraph 36 of the counterclaims.

37. Paragraph 37 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 37 of the counterclaims.

## COUNT VI

### Declaratory Judgment On The '399 Patent

38. No response is required to the general reallegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

39. Paragraph 39 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 39 of the counterclaims.

40. Paragraph 40 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 40 of the counterclaims.

41. Paragraph 41 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 41 of the counterclaims.

## COUNT VII

### Declaratory Judgment On The '554 Patent

42. No response is required to the general reallegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

43. Paragraph 43 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 43 of the counterclaims.

44. Paragraph 44 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 44 of the counterclaims.

45. Paragraph 45 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 45 of the counterclaims.

## COUNT VIII

### Declaratory Judgment Of Patent Misuse

46. No response is required to the general reallegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

47. Paragraph 47 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations in Paragraph 47 of the counterclaims.

## ANSWER TO SATCO'S PRAYER FOR RELIEF

Signify denies that Satco is entitled to the relief it seeks in Paragraphs (A) through (U) or any relief at all for the allegations made in its Counterclaims.

## AFFIRMATIVE DEFENSES

Signify pleads the following defenses in response to Satco's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Signify reserves the right to allege additional defenses in the event that discovery or other analysis indicates that additional affirmative or other defenses are appropriate.

## FIRST AFFIRMATIVE DEFENSE

1. Each of Satco's counterclaims fail to state facts sufficient to constitute a claim upon which relief can be granted.

WHEREFORE, Signify respectfully requests judgement in its favor on Satco's Counterclaims and for the relief requested by its Complaint for Patent Infringement.

Dated: December 16, 2019           Respectfully submitted,

                                           */s/ Natalie C. Clayton*
Natalie C. Clayton (4409538)
Stephen Yang (5123492)
**ALSTON & BIRD LLP**
90 Park Avenue
15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: Natalie.Clayton@alston.com
Email: Stephen.Yang@alston.com

Adam D. Swain (*pro hac vice* forthcoming)
Thomas W. Davison (*pro hac vice*)
Emily M. Grand (*pro hac vice*)
**ALSTON & BIRD LLP**
950 F. Street, NW
Washington, D.C. 20004-1404
Telephone: (202) 239-3300
Facsimile: (202) 239-3333
Email: Adam.Swain@alston.com
Email: Tom.Davison@alston.com
Email: Emily.Grand@alston.com

***Counsel for Plaintiffs Signify North America Corporation and Signify Holding B.V.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Natalie C. Clayton
NATALIE C. CLAYTON