Case 2:19-cv-06125-JMA-SIL Document 43-1 Filed 03/23/20 Page 2 of 17 PageID #: 940

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

---

SIGNIFY NORTH AMERICA CORPORATION
and SIGNIFY HOLDING B.V.

                Plaintiffs,

v.

SATCO PRODUCTS, INC.

                Defendant.

---

Civil Action No. 2:19-cv-06125-JMA-SIL

### [SIGNIFY'S PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiffs Signify North America Corporation and Signify Holding B.V. ("Signify") and Defendant Satco Products, Inc. ("Satco"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party, or a person or entity that is not a Party in this Action ("Third Party"), to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp

on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED -
ATTORNEYS' EYES ONLY." The legend "CONFIDENTIAL" or "RESTRICTED -
ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except
deposition and hearing transcripts) for which such protection is sought. Where affixing the legend
to each page in an electronic document is impractical (e.g., spreadsheets produced in native
format), the filename of the electronic document shall contain the appropriate legend. For
deposition and hearing transcripts, the legend "CONFIDENTIAL" or "RESTRICTED -
ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already
present on the cover page of the transcript when received from the court reporter) by each attorney
receiving a copy of the transcript after that attorney receives notice of the designation of
some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES
ONLY"

2. Any document produced before issuance of this Order with the designation
"Confidential" or "RESTRICTED - ATTORNEYS' EYES ONLY" shall receive the same
treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order,
unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated
"CONFIDENTIAL," or "RESTRICTED - ATTORNEYS' EYES ONLY,"[1] subject to the
provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all
documents, electronically stored information, and/or things as defined by the Federal Rules of
Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer
to the class of materials designated as "CONFIDENTIAL," or "RESTRICTED - ATTORNEYS'
EYES ONLY," both individually and collectively.

Case 2:19-cv-06125-JMA-SIL   Document 43-1   Filed 03/23/20   Page 4 of 17 PageID #: 942

for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," or "RESTRICTED -ATTORNEYS' EYES ONLY,") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, or upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting outside

3

Case 2:19-cv-00125-JMA-SIL Document 43-1 Filed 03/23/20 Page 5 of 17 PageID #: 943

counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each side, listed below, to whom the disclosure is reasonably necessary for the litigation of this Action, and who have completed the Undertaking attached as Appendix A hereto. Either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) at least ten (10) days before access to the Protected Material is to be given to the consultant or expert, the producing Party makes a written request to the designating Party that (i) sets forth the full name of the consultant or expert and the city and the state of his or her primary residence, (ii) attaches a current curriculum vitae of the consultant or expert, (iii) identifies the consultant or expert's current employer(s) and (iv) identifies each person or entity from whom the consultant or expert has received compensation or funding for work in his or her areas of expertise or to whom the consultant or expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (v) identifies (by name and number of the case, filing

---

[2] If the consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the consultant or expert should provide whatever information the consultant or expert believes can be disclosed

Case 2:19-cv-06125-JMA-SIL   Document 43-1   Filed 03/23/20   Page 6 of 17 PageID #: 944

date, and location of court) any litigation in connection with which the consultant or expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years; and (3) the consultants or experts have signed the Undertaking (Appendix A) hereto.  A Party that makes a request and provides the information specified above may disclose the Protected Material unless, within 10 days of delivering the request, the Party receives a written objection from the designating Party.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)  mock jurors who have signed the Undertaking (Appendix A);

(g)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action who have signed the Undertaking (Appendix A).  For avoidance of doubt, only one person is required to sign on behalf of any particular entity (e.g., a Court reporter's signature will cover their staff); and

---

without violating any confidentiality agreements, and the Party seeking to disclose to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

Case 2:19-cv-00125-JMA-SIL Document 43-1 Filed 03/23/20 Page 7 of 17 PageID #: 945

(h) the Court and its personnel.

6.      A    Party    shall    designate    documents,    information    or    material    as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      Any individual listed in paragraph 5(c) or 5(d) who has accessed DESIGNATED MATERIAL under this Order may not be involved in the preparation or prosecution before the United States Patent and Trademark Office or any foreign patent office of any patent, patent application, or draft or revise patent claims, supervise, or assist in the preparation or prosecution of any patent application claiming the particular technology or information disclosed in such documents for a period ending one (1) year after: (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims against the producing party in this action; or (iii) the individual

6

person(s) cease to represent the receiving party or respective client in this case. For purposes of this paragraph, prohibited prosecution shall include, without limitation: invention identification, invention evaluation, the decision regarding whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reissue, substitute, renewal or convention patent applications, claim drafting, or the drafting of any such documents to be filed with the United States Patent and Trademark Office or any foreign patent office. Such prohibited prosecution activities do not include participation in reexamination proceedings, inter partes review proceedings, covered business method review proceedings, or post-grant review proceedings.

9.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY."

10.      For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-h); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

11.      Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  The Parties will not be required to identify on their privilege logs any document or information dated or created on or after the filing date of this action.  If documents, information or other material subject to a claim of

attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s). The recipient(s) shall promptly gather and return or destroy all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages must be destroyed and certified as such to the producing Party. Any destruction under this paragraph shall be and certified as such by the receiving Party to the producing Party. The producing Party shall promptly provide a privilege log for the inadvertently or unintentionally produced documents, information or other material. Any motion to the Court challenging the producing Party's claim(s) of privilege or immunity may mention the fact that the document or information was previously inadvertently or unintentionally produced, but shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

12.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this

Case 2:19-cv-06125-JMA-SIL Document 43-1 Filed 03/23/20 Page 10 of 11 PageID #:948

Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, otherwise possessed or knew such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 5 and 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," or "RESTRICTED - ATTORNEY' EYES ONLY," pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL," or "RESTRICTED -

ATTORNEY' EYES ONLY."    <span style="color:blue">Applications to file documents under seal shall be filed pursuant to Administrative Order 2004-05. /s/ SIL</span>

15.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

17.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may

proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating Party is unwilling to participate in the meet and confer process in a timely manner.

18.     If the Parties cannot resolve a challenge without court intervention, the designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

19.     The burden of persuasion in any such challenge proceeding shall be on the designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the court rules on the challenge.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as DESIGNATED MATERIAL that Party must:

(a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

22.     If the designating party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

23.     To the extent that any discovery is taken of persons who are not Parties to this

Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

25.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

26.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

Case 2:19-cv-06125-JMA-SIL Document 44 Filed 03/24/20 Page 14 of 16 PageID #: 971

27.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SO ORDERED**

**Signed this** 24 **day of MARCH, 2020**

/S/ SIL
_____
JUDGE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE

Case 2:19-cv-06125-JMA-SIL   Document 43-1   Filed 03/25/20   Page 16 of 17 PageID #: 954

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V. <br><br>                      Plaintiffs, <br><br> v. <br><br> SATCO PRODUCTS, INC. <br><br>                      Defendant. | Civil Action No. 2:19-cv-06125-JMA-SIL |

**APPENDIX A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," or "RESTRICTED -- ATTORNEYS' EYES ONLY" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as      "CONFIDENTIAL," or "RESTRICTED -- ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have

1

prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.       I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____