# ALSTON & BIRD

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-239-3300 | Fax: 202-239-3333

Thomas W Davison           Direct Dial: 202-239-3933          Email: tom.davison@alston.com

*VIA CM/ECF*          May 19, 2020

The Honorable Steven I. Locke
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

       Re:    *Signify North America Corporation et al., v. Satco Products, Inc.*, Case No. 2:19-cv-06125-JMA-SIL

Dear Judge Locke:

      Pursuant to the Court's May 5, 2020 Order, Plaintiffs Signify North America Corporation and Signify Holding B.V. ("Signify") respectfully submit their proposed scheduling order attached as Exhibit A.

      The parties have agreed on all dates, with one exception. The parties dispute whether Satco should be allowed to have 30 extra days to prepare their invalidity contentions (75 days total). Satco's proposal is a substantial deviation from the Local Rules, and there is no good cause to allow Satco such special treatment in this litigation for at least three reasons.

      First, there can be no credible argument that Satco needs 30 days of extra time to prepare invalidity contentions. Indeed, Satco has already prepared invalidity contentions on three of the seven Patents-in-Suit and has already contended (unsuccessfully) that the '399, '554, and '328 patents are invalid in the proceedings before the U.S. International Trade Commission. Moreover, Satco has been on notice of its infringement of four of the Patents-in-Suit since November 2014, when Signify provided notice of infringement on Satco. Satco is well represented by two highly-respected law firms, including international law firm Greenberg Traurig, so bandwidth should not be an issue. Thus, Satco is well positioned to serve its invalidity contentions for these patents within the timeframe provided in the Local Rules.

      Second, Satco has already counterclaimed that all of the Patents-in-Suit are invalid. For example, Satco filed counterclaims of invalidity against "each and every claim of the [Patents-in-Suit] for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112." See Dkt. 10 (counterclaims) at ¶¶ 19, 23, 27, 31, 35, 40, 44 (emphasis added). In order to file these counterclaims, Satco must have conducted a pre-filing investigation, which included locating prior art and forming invalidity theories for every single claim of the Patents-in-Suit.

Alston & Bird LLP                                                                                                                                         www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Third, Satco's proposed extension would cause a 30 day delay to the entire subsequent schedule, resulting in a delay to the relief Signify seeks. This case was filed on October 30, 2019, and Signify's proposed invalidity contention deadline of August 10, 2020 provides Satco with over 9 months to prepare its contentions (in addition to the years already afforded Satco for three of the Patents-in-Suit). Additional delays cannot be justified given that the Local Rules envision defendants would typically have far less time to prepare their invalidity contentions.

> */s/Thomas W. Davison*
> Thomas W. Davison (admitted pro hac vice)
>
> *Counsel for Plaintiffs Signify North America Corporation and Signify Holding B.V.*