

Nicholas A. Brown
Tel 415.655.1271
Fax 415.520.5609
brownn@gtlaw.com

July 16, 2020

**VIA ECF**

The Honorable Steven I. Locke
U.S. District Court, E.D. New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: *Signify North America Corporation et al., v. Satco Products, Inc.*, 2:19-cv-06125-JMA-SIL

Dear Magistrate Judge Locke:

Pursuant to Federal Rule of Civil Procedure 37 and Your Honor's Individual Motion Practices Rule 4(A)(i), Defendant Satco Products, Inc. ("Satco") respectfully seeks an order compelling Plaintiffs ("Signify") to supplement their infringement contentions to:

1. Identify the accused products by product number/name;

2. State its allegation(s) of indirect infringement, if any; and

3. State its allegation(s) of infringement under the doctrine of equivalents, if any.

**Background.** On June 26, 2020, Signify served infringement contentions under Local Patent Rule 6. On July 1, 2020, Satco requested that Signify amend its contentions to address the problems identified above. Ex. 1. Signify responded on July 3, 2020, asserting that its infringement contentions "comply with the Rules" and refusing to amend its contentions.[1] Ex. 2. The parties met and conferred on July 13, 2020, during which Signify confirmed its position that its contentions are sufficient. The parties have therefore reached an impasse, and Satco respectfully requests that the Court order Signify to, *inter alia*, provide contentions that identify with specificity all products that are alleged to infringe so that Satco can comply with the scheduling order's requirement that it produce technical documents for the accused products by August 10, 2020.

**Signify Fails to Sufficiently Identify the Accused Products.** Local Patent Rule 6 requires the patent owner to serve a disclosure that "identifies … each claim of each patent-in-suit that is allegedly infringed and each product or process … of which the party claiming infringement is aware that allegedly infringes each identified claim."

---

[1] Signify's letter also emphasizes the number of claim charts that were included in the infringement contentions, and claims that Signify's contentions took a "tremendous effort[]" and were "cost[ly]." Ex. 2 at 1. The purported burden and cost of these contentions, however, is of Signify's own making—Signify chose to bring this suit and assert 102 claims across seven patents, including many claims that the ITC has already found that Satco's products do not infringe.

Signify's contentions identify more than 2000 Satco product numbers as allegedly infringing at least one patent claim. Satco does not dispute that the 2000+ Satco products identified by their product number have been accused of infringement. However, three categories of allegations in Signify's contentions fail to provide Satco with adequate notice of which products are accused of infringing which claims.

First, Signify's contentions for the '399 and '138 patents purport to identify accused products for certain claims by description, rather than by product number or name. For example, in its "399/138 Non-Dimmable Appendix," Signify identifies "products that have a bulb shape, such as the S13104" as infringing certain claims. Ex. 3. Similarly, in its "399/138 Dimmable Appendix," Signify identifies "[p]roducts (e.g. the S9025, S9073, S9101) that additionally have a screw base" as infringing certain claims, and products that "have a housing resembling an incandescent lightbulb (e.g. the S9025, S9073, S9101)" as infringing other claims. Ex. 4.

Second, all of Signify's claim charts include statements that purport to identify as accused products, not just the Satco products identified by product number, but also "any substantially similar LED lighting devices" (*see, e.g.*, Ex. 5, excerpts of Charts G1-G6) or "any product that operates in a manner reasonably similar to the specific theory of infringement identified in the claim chart below" (*see, e.g.*, Ex. 6, excerpts of Charts A1-A20, D1-D14).[2]

Third, Signify's contentions include "Appendix A – Identification of Accused Instrumentalities," which purports to identify as accused products all of Satco's LED products, regardless of whether they are identified by product number in any of the claim charts or other appendices included with Signify's infringement contentions.

These contentions leave Satco to guess as to what products are accused of infringement. A patent owner's infringement contentions "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement," must "raise a reasonable inference that all accused products infringe," and "cannot merely incorporate blanket accusations." *Yama Capital LLC v. Canon Inc.*, 2013 WL 6588589, at *3 (S.D.N.Y. Dec. 13, 2013). Signify's contentions do not give Satco notice as to what products Signify contends "have a bulb shape," or a "housing resembling an incandescent light bulb." Nor do they give Satco notice of what products Signify contends operate "in a manner reasonably similar" to the products for which Signify has provided claim charts. Signify should be required to identify by product number what it accuses of infringement. Products not identified by product number should not be included in the case. *Speedfit LLC v. Woodway USA, Inc.*, 432 F. Supp. 3d 183, 213- 14 (E.D.N.Y. 2020) (limiting a patentee's infringement claims to only the products identified in its infringement contentions).

Signify claims that it requires discovery from Satco to provide a complete list of the accused products. Ex. 2 at 1. This argument turns the discovery process on its head. A "[p]laintiff can only properly obtain discovery if it can identify [infringement] with the requisite specificity given the information presently available to it." *Yama Capital LLC*, 2013 WL 6588589, at *5-6;

---

[2] Charts E1-E11 and F1-F11 contain the same statements as Charts G1-6, and Charts B1-3 and C1-11 contain the same statements as Charts A1-20 and D1-14, but were marked CONFIDENTIAL by Signify thus are not attached hereto.

*Mamakos v. United Airlines, Inc.*, 2018 U.S. Dist. LEXIS 168803, at *2 (E.D.N.Y. Sept. 28, 2018) ("The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition.") (citations omitted). Thus, "[w]here a plaintiff's Infringement Contentions are inadequately specific, the plaintiff cannot obtain discovery without amending its contentions to provide more detail." *Yama Capital LLC*, 2013 WL 6588589, at *5-6. Satco operates a detailed, searchable website, and has produced at Signify's request a complete list of its LED products. Signify should identify, by product number, the products it accuses of infringement.

**Signify Fails to Sufficiently Allege Indirect Infringement.** Most of Signify's claim charts include the statement that "each" of the "Accused Products directly and/or indirectly infringe the asserted claims." *See, e.g.*, Ex. 6. This blanket statement is not clear as to whether Signify is even asserting claims of indirect infringement. If so, it fails to identify any particular theory of indirect infringement (*e.g.*, induced or contributory infringement) or any direct infringer. Such conclusory assertions of indirect infringement are insufficient to provide Satco with notice of Signify's claims. *See Chapco, Inc. v. Woodway USA, Inc.*, 282 F. Supp. 3d 472, 480 (D. Conn. 2017) (precluding a patentee from pursuing a theory of indirect or induced infringement where the patentee "failed to provide notice of its claims of induced infringement . . . beyond the conclusory allegations in its counterclaims and a similarly conclusory interrogatory response that merely restated that it was pursuing claims of induced infringement.").

Signify claims that it requires discovery from Satco to sufficiently allege indirect infringement. Ex. 2 at 2. However, Signify must have a basis for its contention that Satco indirectly infringes to allege it in the first place. *See* Fed. R. Civ. P. 11; Dkt. 1, ¶ 34.

**Signify Fails to Sufficiently Allege Infringement Under the Doctrine of Equivalents.** Most if not all of Signify's claim charts for the '525, '929, '604, and '308 patents include the statement that "to the extent a limitation is not met literally, it is met under the doctrine of equivalents." *See, e.g.* Ex. 6 at D-2. Such conclusory allegations of infringement under the doctrine of equivalents are insufficient. *See C.A., Inc. v. Simple.com, Inc.*, 2009 U.S. Dist. LEXIS 25240, at *66, 69-70 (E.D.N.Y. Mar. 5, 2009) (finding a patentee's contention that a product "infringes, either literally or under the doctrine of equivalents" was insufficient to maintain a doctrine of equivalents claim.)

Again, Signify claims that it needs discovery from Satco to properly allege infringement under the doctrine of equivalents, and asserts that "[i]f Satco desired detailed doctrine of equivalents contention with Signify's infringement contentions, then it should have answered [an interrogatory Signify propounded]." Signify's argument is misplaced. As the patentee, Signify bears the burden to prove infringement. *Smithkline Diagnostics, Inc. v. Helena Labs., Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988) ("the burden is on . . . the patent owner[] to prove infringement by a preponderance of the evidence . . . , either literally or by an equivalent."). Accordingly, if Signify intends to advance a theory of infringement under the doctrine of equivalents, it must amend its contentions to include more specificity, including the claim limitations Satco allegedly infringes under the doctrine of equivalents and an explanation of how Satco allegedly infringes. *C.A., Inc.*, 2009 U.S. Dist. LEXIS 25240 at *69-70 (finding waiver of infringement under the doctrine of equivalents where the party did not explain how the accused products infringed); *Optimumpath, LLC v. Belkin Int'l, Inc.*, 2011 U.S. Dist. LEXIS 41634, at *23-24 (N.D. Cal. Apr. 12, 2011).

        Respectfully submitted,

        */s/ Nicholas A. Brown*
        Scott J. Bornstein
        Joshua L. Raskin
        Julie P. Bookbinder
        GREENBERG TRAURIG, LLP
        200 Park Ave
        New York, NY 10166
        Telephone: (202) 801-9200
        bornsteins@gtlaw.com
        raskinj@gtlaw.com
        bookbinderj@gtlaw.com

        Nicholas A. Brown (*admitted pro hac vice*)
        GREENBERG TRAURIG, LLP
        4 Embarcadero Ctr, Ste. 3000
        San Francisco, CA 94111-5983
        Telephone: (415) 655-1271
        brownn@gtlaw.com

        Robert P. Lynn, Jr.
        Stephen W. Livingston
        LYNN GARTNER DUNNE, LLP
        330 Old Country Road, Suite 103
        Mineola, New York 11501
        Telephone: (516) 742-6200
        rplynn@lgdlaw.com
        swlivingston@lgdlaw.com

        ***Attorneys for Defendant Satco Products, Inc.***