# ALSTON & BIRD

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-239-3300 | Fax: 202-239-3333

<u>VIA CM/ECF</u>　　　　　　　　　　　September 10, 2020

The Honorable Steven I. Locke
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

　　　　Re:　*Signify North America Corporation et al., v. Satco Products, Inc.*, Case No. 2:19-cv-06125-JMA-SIL

Dear Judge Locke:

　　　　The Signify Plaintiffs respectfully move for an order compelling Satco to (1) request, obtain, and produce certain highly relevant technical documents from Satco's manufacturers of the Accused Products and communications evidencing those requests and (2) immediately respond to Signify's interrogatory requesting non-infringement contentions.[1]

**I.　Satco Should be Compelled to Request Responsive Technical Documentation from Its Manufacturers Regarding All of the Accused Products.**

　　　　Under Rule 34 of the Federal Rules of Civil Procedure, a party may serve a request to produce documents "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Documents need not be in a party's actual possession to be discoverable as "[c]ontrol includes the legal right of the producing party to obtain documents from another source upon demand." *M.L.C., Inc. v. N. Am. Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y. 1986). "[I]n practice, the courts have sometimes interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of [its] legal entitlement to the documents." *Golden Trade v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992) (citing *M.L.C.*). This rule applies equally even where the non-party is "beyond the jurisdiction of the court" or the documents are located in a foreign country. *See M.L.C.*, 109 F.R.D. at 136; *see also Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 920 (S.D.N.Y. 1984) ("Defendant cannot be allowed to shield crucial documents from discovery by parties with whom it has dealt in the United States by storing them with its affiliate abroad.")

　　　　Satco does not manufacture its own products. Instead, Satco works directly with foreign lighting manufacturers to select, specify, and distribute lighting products under the Satco brand in the United States. These products include all 2,000+ Accused Products at issue in this litigation.

---

[1] Signify seeks information responsive to Signify's Request for Production Nos. 2, 3, 4, 5, 6, and 31 and Signify's Interrogatory No. 4. Ex. 1 at 12; Ex. 2 at 7-11; Ex. 3 at 16; Ex. 4 at 31; Ex. 5 at 11; Ex. 6 at 8-9.

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Satco communicates with its manufacturers directly and often times daily over email regarding the specifications for, and importation and delivery of, the Accused Products. *See, e.g.*, Ex. 7 at 41:20-42:11, 52:15-53:8; Ex. 8 at 23:4-25, 44:2-23, 72:11-25. While Satco alleges it does not create nor edit the sought technical documents[2] related to the Accused Products, the facts show that Satco has every ability to demand and obtain these documents from its manufacturers. Indeed, Satco has done so to obtain certain safety or Energy Star certifications for many of its products. *See* Ex. 8 at 47:12-49:6.

In fact, Satco has already requested, received, and produced dozens of the requested technical documents for ***a certain fraction*** of the Accused Products by simply requesting them of its manufacturers for production pursuant to Signify's discovery requests. *See, e.g.*, Ex. 8 at 10:12-15, 36:13-16, 74:6-19, 79:7-82:7, 82:21-83:3. But for the remaining Accused Products, Satco refuses to even request relevant technical documents from its manufacturers, taking the position that Signify must "go get it themselves." This position is untenable as it defies Satco's duty to obtain and produce relevant technical information in its possession, custody, and control as well as the requirement that Satco produce "specifications, schematics, . . . or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality." *See* FED. R. CIV. P. 34(a)(1); Dkt. No. 62 at 1.

Satco's demonstrated ability to repeatedly obtain the sought documents (when it so desires) is proof positive of its control over those documents. Cooperation by a third party *alone* has been found sufficient to evidence that the requested documents were under the responding party's control under Rule 34. *Holland Am. Merchants Corp. v. Rogers*, 23 F.R.D. 267 (S.D.N.Y. 1959). In *Holland*, the court simply concluded that because the third party "w[ould] produce them . . . if plaintiff approves," "plaintiff 'control[led]' the documents," and thus the plaintiff was required to request and produce the documents. *Holland*, 23 F.R.D. at 269. Satco has already requested and produced documents of the same type as those requested here. *See, e.g.*, Ex. 8 at 10:12-15, 36:13-16, 74:6-19, 79:7-82:7, 82:21-83:3. Under *Holland*, this *alone* is sufficient evidence that the requested documents are under Satco's control. *See Holland*, 23 F.R.D. at 269. Further, Satco clearly is willing to request and produce these documents "when it was in their interest to do so." *See M.L.C., Inc. v. N. Am. Philips Corp.*, 109 F.R.D. 134, 138 (S.D.N.Y. 1986). Satco has "shown no reason why similar efforts could not have been made" here. *See id.* at 138-39. Indeed, upon information and belief, Satco relied on documents received from Satco's manufacturers in its non-infringement report in the ITC litigation. Satco cannot be permitted to pick and choose when to produce and rely upon documents as it pleases. *Cf. Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 522 (D. Kan. 2007) ("Defendants cannot hold [their contractor] at arms length, claiming no ability to control the documents for the purposes of this litigation, but still hold the power to simply request, either formally or informally, . . . for [their contractor] to simply turn over these documents.").

---

[2] The sought technical documents include, but are not limited to, bills of material, circuit schematics, and technical specifications of the components of the Accused Products.

Moreover, Satco's frequent access to the requested technical documents further demonstrates its control over those documents. "The documents and records that a corporation requires in the normal course of its business are presumed to be in its control unless the corporation proves otherwise. Any other rule would allow corporations to improperly evade discovery." *Cooper*, 102 F.R.D. at 920 n.2. In fact, when "[t]he documents plaintiff seeks all relate to the [products] that defendant works with every day; it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its usual business." *Id.* at 919-20; *see also Ice Corp.*, 245 F.R.D. at 521. These are the exact documents Signify seeks here-the technical documents for the products that Satco works with and sells every single day. For example, Satco's Corporate Witness testified that he "directly communicate[s] to people at the third-parties" and that Satco regularly receives documents from its manufacturers, including certification files, test reports, performance files, and specifications. *See* Ex. 8 at 30:16-18, 44:21-23, 47:12-23, 48:3-49:6, 72:11-25. It is entirely unclear why Satco cannot "simply ask, or employ [its] 'right or ability to influence', [their manufacturers] for copies of the designs." *Ice Corp.*, 245 F.R.D. at 521-22.

Finally, Satco cannot protest that producing such documents would be unduly burdensome where Satco's manufacturers in the past have, upon request, simply e-mailed documents to Satco to be produced. Ex. 8 at 56:3-7. At the very least, there can be no dispute that it would not be burdensome for Satco to *request* the documents from its manufacturers for production.[3] On the other hand, for Signify to pursue this information independently, Signify would be required to either purchase and teardown of all of the remaining 2,000+ accused products, at great expense to Signify, or else pursue a lengthy and complex subpoena process for the foreign manufacturers, each of which is outside the jurisdiction of this Court. Satco should be compelled to request and produce the requested documents.

## II.  Satco Should Be Compelled to Answer Non-Infringement Contentions.

On November 25, 2019, Satco affirmatively counterclaimed for non-infringement on all seven Asserted Patents in this litigation. *See* Dkt. No. 10, Counterclaims at ¶¶17-51. Accordingly, on February 14, 2020, Signify served an interrogatory asking for Satco's factual and legal contentions as to why Satco contends it does not infringe the Asserted Patents. Ex. 5 at 11. Nearly seven months have passed, and Satco has yet to answer this interrogatory. When pressed for a response, Satco demands an unreasonable horse trade: Satco will provide noninfringement contentions by September 18 if Signify will provide responses to invalidity contentions in a mere 14 days from service. *See* Ex. 9. But Satco has had Signify's infringement contentions since June 26, 2020, 76 days ago. Signify received Satco's invalidity contentions just yesterday, making Satco's proposal wholly unreasonable. Signify respectfully requests that the Court compel Satco to provide immediate, fulsome responses to its non-infringement interrogatory.

---

[3] To the extent that Satco argues that its suppliers should not bear the burden of collecting these documents, a similar argument has been rejected in the past. *See Golden Trade*, 143 F.R.D. at 526 n.9.

*/s/Thomas W. Davison*
Thomas W. Davison (admitted pro hac vice)

*Counsel for Plaintiffs Signify North America Corporation and Signify Holding B.V.*

| **TABLE OF EXHIBITS** | |
|---|---|
| Ex. 1 | Plaintiff Signify North America Corporation and Signify Holding B.V. First Set of Requests for Production of Documents and Things to Satco Products, Inc. (Nos. 1-6) (dated Dec. 19, 2019) |
| Ex. 2 | Objections and Responses of Satco Products, Inc. to Signify North America Corporation and Signify Holding B.V.'s First Set of Requests for Production of Documents and Things (Nos. 1-6) (dated January 21, 2020) |
| Ex. 3 | Plaintiff Signify North America Corporation and Signify Holding B.V. Second Set of Requests for Production of Documents and Things to Satco Products, Inc. (Nos. 7-50) (dated Jan. 17, 2020) |
| Ex. 4 | Objections and Responses of Satco Products, Inc. to Plaintiffs Signify North America Corporation's and Signify Holding B.V.'s Second Set of Requests for Production of Documents and Things (Nos. 7-50) (dated Feb. 18, 2020) |
| Ex. 5 | Plaintiff Signify North America Corporation and Signify Holding B.V. Second Set of Interrogatories to Satco Products, Inc. (Nos. 4-10) (dated Feb. 14, 2020) |
| Ex. 6 | Objections and Responses of Satco Products, Inc. to Plaintiffs Signify North America Corporation's and Signify Holding B.V.'s Second Set of Interrogatories (Nos. 4-10) (dated Mar. 16, 2020) |
| Ex. 7 | Deposition of Brian Brandes in *Signify N. Am. Corp. et al. v. Satco Prods. Inc.*, No. 2:19-cv-06125-JMA-SIL (E.D.N.Y. Aug. 26, 2020) |
| Ex. 8 | Deposition of Brian Brandes in *Certain LED Lighting Devices, LED Power Supplies, and Components Thereof*, Inv. No. 337-TA-1081 (U.S.I.T.C. Apr. 13, 2018). |
| Ex. 9 | Email correspondence between Joshua Raskin and Tom Davison dated September 4, 2020-September 8, 2020, with the subject Signify/Satco – 2:19-cv-06125: 2020-09-04 Letter from T. Davison to J. Bookbinder |