UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.<br><br>Plaintiffs,<br><br>v.<br><br>SATCO PRODUCTS, INC.<br><br>Defendant. | Civil Action No. 2:19-cv-06125-JMA-SIL<br><br>**JURY TRIAL DEMANDED** |

Per the Magistsrate Judge's July 9, 2020 Order (Dkt. No 67), Plaintiffs Signify North America Corporation and Signify Holding B.V. ("Signify") and Defendant Satco Products, Inc. ("Satco") hereby submit their joint status report.

**A. Signify's Position**

Signify is pleased to report it has fully complied with the Court's July 9, 2020 order. Signify provided a 30(b)(6) witness on August 7, 2020, who was deposed for nearly six hours on all topics. Signify has further examined the 1,200+ licenses, identified a list of comparable licenses, and has been ready to exchange this list with Satco since September 4. Satco, however, has refused to exchange a narrowed list of comparable licenses or meet and confer to narrow discovery per the Court's order. Instead, Satco claims it now needs additional extraneous discovery before doing so. As detailed below, Satco's refusal is wholly unjustified, defies the Court's Order, and contradicts the promises Satco made to the Court during the July 9 Hearing.

The Court's July 9, 2020 Order is provided in full below:

Minute Order for proceedings held before Magistrate Judge Steven I. Locke: Motion hearing held. Defendants motion to compel a Rule 30(b)(6) deposition, DE [65], is granted for the reasons set forth on the record. In granting the motion, the Court notes that Plaintiff has consistently represented that certain information Defendant seeks is not maintained so that it can be produced as requested. The Court concludes that Defendant is entitled to discovery on how Signifys relevant information is maintained, as well as the other information identified in the Rule 30(b)(6) request, DE [63-2], so that its (Satcos) requests

can be modified accordingly. Plaintiffs motion for a protective order, DE [63], is granted in part and denied in part for the reasons set forth on the record. The Court concludes that the information sought is relevant to the issue of damages, and that discovery on damages is appropriate at this juncture. The Court however, is sensitive to the arguments that the requests at issue create an undue burden and that there are confidentiality concerns. Accordingly, the motion is granted to the extent that the information sought does not need to be produced at this time. **Rather, the Rule 30(b)(6) deposition will take place and the parties are directed to consider the 1200 licenses at issue to determine which ones they agree are relevant to the various claims/defenses at issue.**

**Once both are completed the parties will exchange lists and then meet and confer about a revised set of discovery demands from Satco to Signify.** Once the schedule for service of demands and responses is agreed upon, the parties will file a joint status report, which will include a briefing schedule for any subsequent discovery motions the parties anticipate consistent with the Courts individual rules. This letter must be filed no later than September 16, 2020. For the sake of clarity, Signify may raise the issues of burden and confidentiality again in any subsequent motion but should not reargue relevance or timing of discovery.

(emphasis added).

On August 7, 2020, Signify timely produced Mr. Dennis Bommelijn, a Signify employee residing in the Netherlands, responsive to all topics in Satco's 30(b)(6) corporate deposition notice. Mr. Bommelijn was deposed on all topics for nearly six hours through video deposition.  Mr. Bommelijn was fully prepared on all topics and accordingly Satco did not hold his deposition open or otherwise complain he was unprepared.  Notably, Mr. Bommelijn confirmed that the pulling the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ would indeed be quite burdensome.[1]

On August 24, nearly three weeks after Mr. Bommelijn's deposition, Satco approached Signify with a new request.  In particular, Satco requested that Signify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] *See e.g.* Ex. 8 at 60:16-61:6 ,70:19-71:15.  Satco appears to continually misapprehend the information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Signify has attached the entirety of Mr. Bommelijn's transcript for the Court's review, and welcomes any follow up questions the Judge may have.

██████████████████████████[2]  If Signify did not promptly comply, Satco threatened additional discovery requests: "unless we receive your cooperation on these issues, Satco will pursue other means of discovery, such as a Notice of Inspection of ████████████ ████████████████████."[3]

Satco's request was puzzling for several reasons. First, such a report is well outside what is created by Signify in the ordinary course of business. Second, such a report would not contain any new information. Indeed, Satco has had all this information for the 1,200 licensees for months through the production of the licenses themselves. Further, Signify went through significant efforts to notify licensees and then produce each license agreement per Satco's previous demands. Third, such a report is outside the discovery that was the subject of the July 9 order and underlying motions.

Signify thus asked for a basis as to why this report was necessary for Satco to comply with the July 9 order, and explained that the report would not contain any new information.[4] Instead of providing a response, Satco made good on its threats and served a deposition notice for ████ ████████████████████████ and a notice of inspection of ████████████████.[5] Satco, several days after serving this discovery, explained the report was needed so that Satco could avoid "wad[ing] through the 1200 licenses and summarize each of them to obtain that same information."[6]

---

[2] Ex. 2, Correspondence from Julie Bookbinder to Adam D. Swain, dated Aug. 24, 2020, at 1.

[3] *Id*. at 2.

[4] Ex. 3, Correspondence from Adam D. Swain to Julie Bookbinder, dated Sept. 2, 2020, at 1.

[5] Ex. 4, Defendants' Notice of Deposition of ████████████, dated Sept. 2, 2020; Ex. 5, Satco Products, Inc.'s First Request for Inspection to Signify North America Corporation and Signify Holding B.V., dated Sept. 2, 2020.

[6] Ex. 6, Correspondence from Julie Bookbinder to Adam D. Swain, dated Sept. 8, 2020, at 1.

Satco's change of position is, of course, in direct contradiction to what the Court has ordered Satco to do, and what Satco promised the Court it would do. During the July 9 hearing, after Satco was ordered to winnow down the licenses, it requested that the Court order Signify do the same. In doing so, lead counsel for Satco represented that "I understand that we've been asked, and, of course, we will comply to go through the licenses and do our best to try to winnow them down either before or after the 30(b)(6), and, again, we'll, of course, comply with that directive."[7]

Meanwhile, Signify has conducted its review of the 1,200 licenses and stands ready to exchange a list of comparable licenses per the Court's order. Despite several requests from Signify to exchange lists and meet and confer, Satco refuses to comply with the Court's July 9 Order that the Parties engage in any exchange of comparable licensee lists. Satco asserts that it will not exchange lists or meet and confer or narrow discovery until Signify accedes to Satco's demand to either ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or (2) provide additional discovery beyond the scope of the parties' motions and the Court's Order.[8]

Satco has failed to provide any colorable basis for its refusal to comply with the court order. Signify has had no issue identifying a list of comparable licenses based on the discovery provided in this litigation. Satco asked for a 30(b)(6) deposition in order to narrow its discovery requests and promised the Court it would work to reduce the number of licenses. Satco, having taken the deposition, now refuses to do either.

Satco's continued insistence on dragging out this issue has come at a cost. Satco, like Signify, could easily have identified comparable licenses based on the 1,200 licenses it demanded

---

[7] *See* Ex. 1, Transcript for Motion Hearing Re Protective Order Via Phone, *Signify N. Am. Corp. et al v. Satco Prods., Inc.*, No. 2:19-cv-06125-JMA-SIL (E.D.N.Y) at 28:4-8.

[8] *See* Ex. 7, Email correspondence between Tom Davison and Julie Bookbinder, dated September 8, 2020 – September 11, 2020, with the subject RE: Signify/Satco - .

and received months ago.  Instead, Satco continues to burden Signify and this Court through serial and everchanging demands.  Meanwhile, Satco refuses to provide any basic contentions regarding the central issues of this case, such as why it contends it does not infringe the Asserted Patents.  As set forth in Signify's September 10 motion to compel, Satco has yet to provide any basis for its contentions of non-infringement, let alone a date by which it will do so.[9]

**B. Satco's Position**

Per the Court's Order (Dkt. No. 67), Satco took a 30(b)(6) deposition of Signify to understand the manner in which Signify maintains its royalty information. (*See* Dkt. No. 67; RFP No. 12). The deposition testimony revealed that Signify ▮▮▮



Ex. 8 (Bommelijn Tr.) at 106:24 – 107:10; *see also id.* at 109:9-11; 110:9 – 112:11, 122:21-24; 131:25-132:25 (further testifying that ▮▮▮

Satco also inquired whether Signify could run a report with all the information for each licensee, and how long it would take:

Q. Okay.· ▮▮▮

---

[9] Satco's position is that Signify's foregoing statements regarding discovery issues unrelated to the present dispute over royalty information are incorrect, as shown by the parties' letter briefing on Signify's latest motion to compel (Dkt. Nos. 73, 75).



Ex. 8 (Bommelijn Tr.) at 74:4-19.

After the deposition, Satco renewed its request that Signify ▮▮▮▮▮ ▮▮▮▮▮ and Signify refused. Notwithstanding the testimony from Mr. Bommelijn ▮▮▮▮▮ ▮▮▮▮▮ Satco has now offered to undertake the process of obtaining this information itself, and has served a notice of inspection ▮▮▮▮▮. So that this inspection can be performed efficiently, Satco has also served a deposition notice for ▮ ▮▮▮▮▮ ▮▮▮▮▮ the person consulted by Mr. Bommelijn in order to prepare for the 30(b)(6) deposition.

This royalty information is important for determining which licenses are relevant to the various claims/defenses at issue, and for which Satco may pursue additional discovery. Satco is not currently asking Signify to produce royalty reports or other voluminous records, and is prepared to narrow the list of licenses before doing so.

Signify's basis for refusing to provide a report from the ▮▮▮▮▮ is "because such a report is not created in the ordinary course of business." That the requested ▮▮▮▮▮ is allegedly not generated in Signify's ordinary course of business does not excuse Signify from producing it here. *See, e.g.*, *N. Shore-Long Island Jewish Health Sys., Inc. v. Multiplan, Inc.*, 325

F.R.D. 36, 51 (E.D.N.Y. 2018) ("While a party should not be required to create completely new documents, that is not the same as requiring a party to query an existing dynamic database for relevant information.") (citation omitted). Indeed, Satco has produced numerous reports in this case that are not generated in Satco's ordinary course of business (e.g., lists of all LED products, lists of suppliers of the Accused Products, and sales and import data for the Accused Products) by running queries on its databases.

 Satco anticipates that the parties will engage in additional motion practice regarding Satco's notice of inspection of the ▮▮▮▮ (Ex. 5), and potentially regarding Satco's notice of deposition ▮▮▮▮ (Ex. 4), the Signify employee consulted by Signify's 30(b)(6) witness regarding the details and capabilities of the ▮▮▮▮. Satco has requested ▮▮▮▮ availability in the near-term, and proposes to perform the inspection approximately 2 weeks after the deposition. To the extent that further briefing is required, Satco suggests that Signify make its motion for protective order within one week of any hearing on these issues.

Dated: September 16, 2020

Respectfully submitted,

*/s/ Thomas W. Davison*

Natalie C. Clayton (4409538)
Stephen Yang (5123492)
**ALSTON & BIRD LLP**
90 Park Avenue
15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: Natalie.Clayton@alston.com
Email: Stephen.Yang@alston.com

Adam D. Swain (*admitted pro hac vice*)
Thomas W. Davison (*admitted pro hac vice*)
Emily M. Grand (*admitted pro hac vice*)
**ALSTON & BIRD LLP**

950 F. Street, NW
Washington, D.C. 20004-1404
Telephone: (202) 239-3300
Facsimile: (202) 239-3333
Email: Adam.Swain@alston.com
Email: Tom.Davison@alston.com
Email: Emily.Grand@alston.com

*Counsel for Plaintiffs Signify North America Corporation and Signify Holding B.V.*

 */s/ Nicholas A. Brown*

Scott J. Bornstein
Joshua L. Raskin
Julie P. Bookbinder
GREENBERG TAURIG, LLP
200 Park Avenue
New York, NY 10166
Telephone: (202) 801-9200
bornsteins@gtlaw.com
raskinj@gtlaw.com
bookbinderj@gtlaw.com

Nicholas A. Brown (*admitted pro hac vice*)
GREENBERG TAURIG, LLP
4 Embarcadero Ctr, Ste. 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1271
brownn@gtlaw.com

Robert P. Lynn, Jr.
Stephen W. Livingston
LYNN GARTNER DUNNE, LLP
330 Old Country Rd., Ste. 103
Mineola, New York 11501
Telephone: (516) 742-6200
rplynn@lgdlaw.com
swlivingston@lgdlaw.com

*Attorneys for Defendant and Counter-Plaintiff Satco Products, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document, was served via electronic mail upon Satco's counsel of record on September 16, 2020.

/s/ *Thomas W. Davison*
Thomas W. Davison