# ALSTON & BIRD

950 F Street, NW
Washington, DC 20004-1404
202-239-3300 | Fax: 202-239-3333

March 25, 2021

**_VIA CM/ECF_**
The Honorable Joan M. Azrack
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

> Re: _Signify North America Corporation et al., v. Satco Products, Inc._, Case No.
> 2:19-cv-06125-JMA-SIL

Dear Judge Azrack:

Plaintiffs Signify North America Corporation and Signify Holding B.V. ("Signify") write in response to Defendant Satco Products, Inc.'s request for a pre-motion conference for its proposed motion for partial summary judgment that the asserted claims of U.S. Patent Nos. 7,352,138 and 7,038,399 are invalid as being directed to unpatentable subject matter under 35 U.S.C. § 101 ("Mot.," Dkt. 142). As discussed below, Satco's request should be denied because: (i) at a minimum, it is premature; and (ii) there is no question that the '138 and '399 Patents are directed to patentable subject matter.

## I.      Satco's Motion is Premature

Satco proposes to file a motion for summary judgment regarding ineligibility of the Asserted Claims before claim construction—the process that defines the scope and character of the claims. _See Netword, LLC v. Centraal Corp._, 242 F.3d 1347, 1352 (Fed. Cir. 2001) ("'Claim construction' is the judicial statement of what is and is not covered by the technical terms and other words of the claims."). At the same time, Satco's argument regarding invalidity under 35 U.S.C. § 101 is only applicable under Signify's proposed claim construction. In other words, Satco proposes to fully brief a motion seeking relief contingent on the Asserted Claims being interpreted in a manner that Satco asserts would be too broad. By Satco's own admission, its Motion is premature. Mot. at 1-2 ("As discussed further below, _if the Court adopts Signify's proposed constructions (which Satco is willing to accept for the purposes of this motion only),_ then the Asserted Claims are invalid under Section 101 . . . ." (emphasis added)).

The Federal Circuit has held that though "claim construction is not an inviolable prerequisite to a validity determination under § 101 . . . it will ordinarily be desirable – and often necessary – to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." _Bancorp. Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)_, 687 F.3d 1266, 1273-74

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

(Fed. Cir. 2012); *see also Celgene Corp. v. Lotus Pharm. Co.*, No. CV 17-6842-SDW-LDW, 2018 U.S. Dist. LEXIS 211001, at *2 (D.N.J. Dec. 14, 2018) ("Courts routinely deny § 101 motions as premature where claim construction disputes exist[].""). Indeed, even in the case law cited by Satco, the Court's determination on the motion for summary judgment turned on the Court's previously ordered claim constructions. *EasyWeb Innovations, LLC v. Twitter, Inc.*, 2016 U.S. Dist. LEXIS 42549, at *93-94 (E.D.N.Y. Mar. 30, 2016).

The Complaint in this case was filed approximately 18 months ago, the *Markman* hearing is now a month away, and the Court's claim construction order will follow thereafter. Thus, at this stage, it would be a potential waste of the parties' and the Court's resources to have Sacto's proposed § 101 motion fully briefed, argued, and decided before the parties have a claim construction order from the Court.

## II.     The Asserted Claims Are Directed to Patent-Eligible Subject Matter

Satco's motion would also be futile, as Signify's claims are not directed to abstract subject matter. The Supreme Court set a two-step inquiry for determining whether patent claims are directed to patent ineligible subject matter, such as abstract ideas. *See Alice Corp. v. CLS Bank Int'l* 573 U.S. 208, 217-18 (2014). First, the Court "determine[s] whether the claims at issue are directed to a patent-ineligible concept," such as an abstract idea. *See id.* at 218. If the Court determines that the claims are directed to an abstract idea, the Court advances to a second step and "consider[s] the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* at 217 (internal quotes omitted).

### A.     Step One: The Asserted Claims Are Directed to Tangible and Inventive Apparatuses and Methods, Not Abstract Ideas

Satco argues that, to the extent the claim terms are not construed as means-plus-function or step-plus-function terms under 35 U.S.C. § 112, ¶ 6, then the asserted claims are invalid under § 101 for "describ[ing] the abstract idea of providing power to an LED based on a conventional A.C. dimmer signal." Mot. at 2. But Satco conspicuously omits that the claims at issue cover LED lighting devices with specific pieces of hardware, and methods of using them. An LED lighting device is the antithesis of an abstract idea. The claims recite concrete and tangible components, including, for example, LEDs, a controller, an adjustment circuit, and power circuitry. *See* '399 Patent (Dkt. 1-8), cl. 17. Dependent claims further specify that that power circuitry may comprise a rectifier, a low pass filter, and a DC converter. '399 Patent (Dkt. 1-8), cl. 18.

Because the claims recite structural components to perform particular functions, as confirmed by the specification, the claimed apparatuses and methods are not directed to abstract ideas. *See, e.g.*, '399 Patent (Dkt. 1-8) at 13:31-35, 14:23-29. In fact, Courts have denied § 101 motions for claims structured similarly to the ones at issue here. *Id Image Sensing Llc v. Omnivision Techs.*, No. 20-136-RGA, 2020 U.S. Dist. LEXIS 220189, at *15 (D. Del. Nov. 24, 2020)("[I]t is important not to lose sight of the fact that this is a claim to a 'camera module[]' . . . [a]nd not just any camera module, but one that has a number of specific, tangible sub-components."). "[A]t a certain point, when the real-world, tangible, specific components of a device seem to predominate what is claimed, that has to count for something in the Section 101

calculus." *Id.* (collecting cases); *see also id.* ("[T]he Court's conclusion is bolstered by the specification, which seems to emphasize that the claim's focus is on the physical camera module itself and its internal subcomponents and circuitry."); *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1260-61 (Fed. Cir. 2017) (holding patent-eligible claims directed to an improved computer memory system); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016) (holding claims directed to a self-referential table for a database not abstract and stating, "[i]ndeed, some improvements in computer-related technology when appropriately claimed are undoubtedly not abstract, such as chip architecture, an LED display, and the like.").

### B. Step Two: The Asserted Claims Contain an Inventive Concept

Even if the claims were directed to an abstract idea, which they are not, the claims are patent eligible because they transform an abstract idea by claiming "a specific technical solution" to an identified problem. *See BASCOM Global Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341, 1351-52 (Fed. Cir. 2016). Namely, the '399 and '138 Patents explain that conventional A.C. dimmer signals were generally "not acceptable for use with . . LED-based light sources," '399 Patent (Dkt. 1-8), 9:4-9, and as such, the patents present novel solutions that "allow a substantially complete retrofitting" of an A.C. dimmer circuit with an LED light. *See* '399 Patent (Dkt. 1-8), 10:31-42. Satco's expert has agreed that using a controller for dimming as described in the '399 and '138 Patents is a specific technical solution to the problem of dimming an LED light based on an AC dimmer signal.[1] *See* Ex. 1, 199:13-18. Thus, contrary to Satco's arguments, the Asserted Claims are directed to an inventive concept.

For the foregoing reasons, Satco's proposed motion is premature and leave to file should be denied. Further, Satco's proposed motion is futile because the '399 and '138 Patents are directed to patent-eligible subject matter, and will do nothing more than unnecessarily usurp the parties' and the Court's time and resources.

Respectfully submitted,

*/s/ Adam D. Swain*
Natalie C. Clayton (4409538)
Darlena Subashi (admitted *pro hac vice*)
Ravi Shah (admitted *pro hac vice*)

---

[1] Satco argues that "the Asserted Claims lack an inventive concept because they recite using conventional elements in a conventional manner and place no restriction on *how* the claimed result is accomplished." Mot. at 3. But Satco "really seems to be arguing that the claim is invalid for anticipation under 35 U.S.C. § 102, or for obviousness under 35 U.S.C. § 103 – as opposed to arguing that the claim is directed to an abstract idea." *See Id Image*, 2020 U.S. Dist. LEXIS 220189 at *14-15; *see also Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016) ("[T]he 'novelty' of any element or steps in a process, or even of the process itself, is of *no relevance* in determining whether the subject matter of a claim falls within the § 101 categories of possibly patentable subject matter." (quotation omitted)).

**ALSTON & BIRD LLP**
90 Park Avenue
15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: Natalie.Clayton@alston.com
Email: Darlena.Subashi@alston.com
Email: Ravi.Shah@alston.com

Adam D. Swain (*admitted pro hac vice*)
Thomas W. Davison (*admitted pro hac vice*)
Emily M. Grand (*admitted pro hac vice*)
**ALSTON & BIRD LLP**
950 F. Street, NW
Washington, D.C. 20004-1404
Telephone: (202) 239-3300
Facsimile: (202) 239-3333
Email: Adam.Swain@alston.com
Email: Tom.Davison@alston.com
Email: Emily.Grand@alston.com

John D. Haynes (*admitted pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: John.Haynes@alston.com

***Counsel for Plaintiffs Signify North America Corporation and Signify Holding B.V.***

| TABLE OF EXHIBITS | |
|---|---|
| Ex. 1 | Excerpt of Tr. of Deposition of Peter Shackle, Ph.D., dated Dec. 30, 2020 |