# LYNN GARTNER DUNNE, LLP

Robert P. Lynn, Jr.
Kenneth L. Gartner*
John W. Dunne⁺
_____

Tiffany D. Frigenti
Katharine Smith Santos
Christopher A. Renke

Also admitted in *DC ⁺CT

Attorneys At Law
www.lgdlaw.com

330 Old Country Road
Suite 103
Mineola, NY 11501

P: 516-742-6200
F: 516-742-5294
E: rplynn@lgdlaw.com
_____

John A. Raymond^
*Of Counsel*

^Only admitted in DC & CA

June 1, 2021

**VIA ECF**

Judge Joan M. Azrack
U.S. District Court, E.D. New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Signify North America Corporation et al. v. Satco Products, Inc.*, 2:19-cv-06125-JMA-SIL

Dear Judge Azrack:

Satco Products, Inc. ("Satco") respectfully submits this response to the pre-motion conference letter submitted by Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") regarding a proposed motion to stay or transfer under 28 U.S.C. § 1404(a) (Dkt. 156).

Signify chose to file this action in this Court 18 months ago, on October 30, 2019. Since then the case has been actively litigated, and the Court has conducted 14 hearings (Dkt. 32, 36, 40, 51, 58, 67, 71, 106, 114, 135, 144, 149, 150, 153), including a technology tutorial and a full-day claim construction hearing. Signify's request to transfer this case to the Western District of Texas ("WDTX") should be denied. Transfer is prohibited by statute, because this case could not have been brought in WDTX in October 2019. Even if transfer was a possibility, the first-to-file rule applies. Allowing Signify to change its mind about what court it prefers after 18 months of litigation—by transferring its own affirmative case—risks encouraging forum shopping by plaintiffs. Finally, a stay of this case to allow the newly filed WDTX case to proceed should be denied for the same reasons.

A threshold requirement for transferring a case under 28 U.S.C. § 1404(a)—which Signify does not address—is whether the case might have been brought in the transferee venue "when suit was instituted." *In re SK Hynix Inc.*, No. 2021-114, 2021 U.S. App. LEXIS 5674, at *10 (Fed. Cir. Feb. 25, 2021) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) and §1404). Signify could not have brought this case in WDTX in October 2019 because of the patent venue statute, 28 U.S.C. § 1400(b), which only permits an entity to be sued for patent infringement where (i) it resides or (ii) allegedly committed acts of infringement and has a regular and established business. Satco does not reside in WDTX because Satco is a New York corporation and "only resided in its State of incorporation for purposes of patent venue." *TC Heartland LLC v. Kraft Foods Grp.*

*Brands LLC*, 137 S. Ct. 1514, 1516 (2017). And Satco does not have a "a regular and established business" in WDTX because it does not maintain any office or facility there. *See In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Additionally, Satco has not consented to adjudicating this case in WDTX. Satco opposes Signify's motion to transfer. The fact that Satco filed a separate, unrelated action against Signify in WDTX does not mean that Satco has "automatically consented to venue in that district for any following suits involving different patents." *In re SK Hynix Inc.*, 2021 U.S. App. LEXIS 5674, at *7 (denying writ of mandamus where district court denied a motion to transfer, finding that movant failed to show that it has met the threshold requirement for transfer under § 1404(a)). Moreover, any purported "subsequent consent" to jurisdiction in the asserted transferee court "will not suffice for purposes of a § 1404(a) analysis." *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 431 (E.D.N.Y. 2012).

Because Signify fails to show that it has met the threshold requirement for transfer, the court does not need to analyze the balancing factors. *See Goldowsky v. Exeter Fin. Corp.*, No. 15-CV-632A(F), 2021 U.S. Dist. LEXIS 33794, at *15 (W.D.N.Y. Feb. 23, 2021) ("[A]s Plaintiff's motion fails to meet the threshold requirement for transfer, by showing jurisdiction and proper venue, pursuant to § 1404(a), it is unnecessary to evaluate Plaintiff's further contentions based on § 1404(a)(2) relating to convenience of witnesses and other relevant factors.") (citing *PI, Inc. v. Ogle*, 932 F. Supp. 80, 84-85 (S.D.N.Y. 1996)).

Even if transfer was a possibility, the first-to-file rule applies. Before even seeking to file a motion to transfer under 1404(a), Signify re-filed all its claims in this case as counterclaims in the wholly unrelated WDTX case that Satco filed.[1] Signify then informed Satco that it "believes that [the NY] case should proceed in WDTX." (*See* Ex. 1.) Thus, unlike the "more usual situation" where a plaintiff and a defendant each prefers a different forum, here "the same party is plaintiff in both actions, [but] prefers to press the second." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202 (2d Cir. 1970). In *Semmes*, the district court had denied a motion to stay the later-filed action, but the Second Circuit reversed, finding no exception existed to the general rule that "the second action should give way to the first." 429 F.2d at 1202-03. In particular, the court observed that where a plaintiff filed the same claim in two different courts, an exception to the general first-to-file rule risks encouraging forum shopping:

> To begin with, ***any exception for cases where the same party is plaintiff in both actions would entail the danger that plaintiffs may engage in forum shopping or, more accurately, judge shopping***. When they see a storm brewing in the first court, they may try to weigh anchor and set sail for the hopefully more favorable waters of another district. . . . Courts already heavily burdened with litigation with which

---

[1] There is no merit to the insinuations in Signify's footnote 1 in the pre-motion letter. When Mr. Swain was unavailable on May 24, 2021 to continue the conversation that he previously began, the undersigned followed up by emailing a letter to Mr. Swain. Rather than continue the correspondence or resume the conversation, Signify instead filed its pre-motion letter about an hour later.

> they must of necessity deal should . . . not be called upon to duplicate each other's work in cases involving the same issues and the same parties. Hence, even when the same party is plaintiff in both actions, the instances where the second court should go forward despite the protests of a party to the first action where full justice can be done, should be rare indeed.

*Id.* (emphasis added) (internal quotations omitted). Similarly, SDNY found appropriate a "straightforward application of the first-to-file rule" where the plaintiff filed identical complaints in two different courts. *Cole v. Edwards*, 2004 U.S. Dist. LEXIS 16603, at *10 (S.D.N.Y. Aug. 13, 2004). Another SDNY court also rejected a plaintiff's attempt to transfer when it "chose the first forum and is now attempting to proceed simultaneously in another forum which it believes may offer greater relief on the same claim," noting that such behavior "smacks of forum shopping." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 223 (S.D.N.Y. 1999); *see also Mars, Inc. v. Standard Brands, Inc.*, 386 F. Supp. 1201, 1205 (S.D.N.Y. 1974).

Signify makes two arguments as to why this case should be excepted from the first-to-file rule. Signify first argues that first-to-file should give way to the balancing of convenience, citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010). But *N.Y. Marine* found there was no abuse of discretion when a district court declined to transfer after it "considered the first-filed rule and balanced the convenience factors." *Id.* at 113. And while there is no need to analyze the transfer factors due to Signify's failure to meet § 1404(a)'s threshold requirement, those factors support having the case in EDNY. It is undisputed that the locus of operative facts is in New York because Signify accuses Satco of patent infringement, and Satco is a New York corporation with its headquarters in EDNY. Signify acknowledges that "the majority of Satco's witnesses are likely located in New York." (Dkt. 156 at 3.) Furthermore, the interests of efficiency and fairness are better served by keeping this case here, where parties have been actively litigating this case for a year and a half, and the court has gained considerable knowledge after conducting 14 hearings including the tutorial and claim construction hearing. *See supra*. The claim construction hearing is set to continue on June 17. (May 5, 2021 Electronic Scheduling Order.) All this knowledge would be lost if this case were transferred.

Signify also argues that special circumstances warrant deviation from the first-to-file principle because "the E.D.N.Y is facing a judicial crisis with four judicial vacancies and an overwhelmed docket due to the COVID pandemic." (Dkt. 156 at 3.) But the progress of this case is inconsistent with this assertion—the Court has diligently shepherded this seven-patent matter from the outset, leading to claim construction hearing in 545 days. (Dkt. 1, 153.) That timing is completely in-line with patent litigation milestone statistics in other courts. (*See* Ex. 2.)

In conclusion, Signify has provided no legitimate reason to stay this case or move it to a new forum after choosing to file in this Court and actively litigating here for the past eighteen months.

LGD

Respectfully submitted,

*/s/ Robert P. Lynn, Jr.*
Robert P. Lynn, Jr.
Katharine Smith Santos
LYNN GARTNER DUNNE, LLP
330 Old Country Road, Suite 103
Mineola, New York 11501
Telephone: (516) 742-6200
rplynn@lgdlaw.com
ksantos@lgdlaw.com

Scott J. Bornstein
Joshua L. Raskin
Julie P. Bookbinder
Elana B. Araj
GREENBERG TRAURIG, LLP
200 Park Ave
New York, NY 10166
Telephone: (212) 801-9200
bornsteins@gtlaw.com
raskinj@gtlaw.com
bookbinderj@gtlaw.com
araje@gtlaw.com

Nicholas A. Brown *(admitted pro hac vice)*
GREENBERG TRAURIG, LLP
4 Embarcadero Ctr, Ste. 3000
San Francisco CA 94111-5983
Telephone: 415-655-1271
brownn@gtlaw.com